## WEBSTER'S PETITION.

In a petition for the discontinuance of a highway that has not been constructed, the fact that in good faith another highway has since been laid out which may obviate the necessity for the first is competent matter for the consideration of the commissioners, and may constitute a sufficient change of circumstances to authorize the discontinuance; and unless it appears that their proceedings have been irregular, and not in accordance with the tenor of their commission, their conclusion will not be revised.

PETITION of the town of Webster for the discontinuance of a highway.

The petition was referred to the commissioners, with instructions in accordance with those required by the 87th rule of court, who, after a hearing, reported that since the highway was laid out the selectmen had laid out another highway, which is particularly described in their report as a substitute for the one which is asked to be discontinued; that the highway laid by the selectmen obviates the necessity for the other, and accommodates the public in

its place; that the selectmen acted in good faith, and though the highway laid out by them has not been built, the delay has been only in order that the result of this petition might be made known; and that, by reason of the aforesaid change of circumstances, the discontinuance should be granted.

Sanborn and Putney, two of the original petitioners, objected to the acceptance of the report, and moved that it be rejected, (1) because the changes reported are not such as authorize a discontinuance; (2) because no change of circumstances in any way affecting the expediency of laying out the highway in question is stated in the report that is sufficient to authorize the discontinuance; (3) because the reasons stated by the commissioners in their report for discontinuing the highway are not sufficient in law.

The court overruled the objections, denied the motion to reject the report, and ordered judgment thereon discontinuing the highway; and the defendants excepted.

*J. Y. Mugridge*, for the plaintiff.

*Chase & Streeter* and *Sanborn & Clark*, for the defendants.

BLODGETT, J.   In all cases when a highway has been laid out upon the report of commissioners, and before the building thereof a petition for discontinuance is filed, and referred to the same or another board of commissioners, they are required by the 87th rule of court " to inquire and report to the court whether any change of circumstances in any manner affecting the laying of said highway has occurred since the same was laid out, so that the same is no longer necessary, and should be discontinued by reason of such change of circumstances; and if so, to report the nature of the change, with the particular circumstances, and how they affect the case."

These instructions assume that the highway was properly laid out at the time it was laid, and if no changes affecting its expediency have since occurred, the commissioners report that fact, and, of course, go no further; but if they find that such changes have occurred, they are then to determine their effect, and report their nature and particular circumstances to the court.

The jurisdiction of commissioners, as defined by the statutes, is very extensive, and they are not only the sole and exclusive judges of the evidence before them, but likewise of the facts and circumstances affecting their judgment; and the only practical effect of the rule cited is, to prevent them from directly reviewing and reversing the judgment of their predecessors upon the same state of facts.   The power of the court to revise their doings is therefore quite limited, and, in the absence of fraud or irregularity, it will, in a case like this, go no further than to inquire whether changes have actually occurred which may affect the necessity and expedi-

ency of opening the highway. *Hampstead's Petition*, 19 N. H. 343, 348.

In the present case, the commissioners find that since the highway in question was laid out, the selectmen have laid out another in good faith, which obviates the necessity for the one sought to be discontinued; that the delay in building it has been only in order that the result of this petition might be made known; and that, by reason of such change of circumstances, the first highway is no longer necessary, and should be discontinued.

These facts sufficiently distinguish this case from that of *Marlborough's Petition*, 45 N. H. 556, to which our attention has been called, and also undeniably present a change of circumstances which was proper to be considered by the commissioners upon the matter before them. So far as it appears, they acted upon competent evidence, which it was their exclusive province to weigh; they are charged with no fraud, nor is exception taken to the regularity of their proceedings. Hence, and in accordance with the settled rule in this state, the court will not attempt to revise their conclusion. *Hampstead's Petition, supra; Marlborough's Petition*, 46 N. H. 495; *Candia and Hooksett v. Chandler*, 58 N. H. 127;— and see, generally, *Petition of Hopkinton*, 27 N. H. 133; *Bethlehem's Petition*, 20 N. H. 210; *Freeman v. Plainfield*, 52 N. H. 146; *Thompson v. Conway*, 53 N. H. 622.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.