LOGUE *v.* CLARK *& a.*

A party aggrieved by the decree of a judge of probate who is disqualified to sit by reason of interest, has an ample and convenient remedy by appeal, and cannot maintain a petition for a writ of *certiorari*.

PETITION, for a writ of *certiorari*, to cause the defendant Clark, the judge of probate for the county of Sullivan, to certify to this court the record of the settlement of the account of the defendant Kempton, executor of the will of Fanny Hall, and to cause Kempton to appear and settle his account in this court. The petition alleges, in substance, that the plaintiff is a residuary legatee under the will of Fanny Hall; that on the ninth day of July, 1879, the will was duly proved, and the defendant Kempton was appointed executor; that at a court of probate, held in December, 1881, the parties appeared and were heard in relation to the settlement of the executor's account; that the plaintiff then objected to certain items of credit in the account, among which was one of forty dollars' fees paid the defendant Clark, and claimed that the executor should be charged for certain other items not included in his account; that Clark thereupon admitted that "by reason of interest he was disqualified to sit in said case;" that the hearing was adjourned to such time and place as the judge of probate of Cheshire county should designate, by whom the matter might be determined, though it was not alleged that a record was made that the judge deemed himself disqualified, or that the hearing was adjourned; hat at the next term of the probate court for Sullivan county the

executor filed a new and different account, which, without further notice, was allowed by a decree of the court; that the plaintiff was not present personally or by counsel, understanding that a hearing was to be had by another tribunal, and that the defendant Clark had no jurisdiction. All the material facts of the petition are denied by the defendants' answer. They also claim that the facts set forth in the petition are not sufficient to maintain it.

*Edes & Newton*, for the plaintiff.

*A. S. Wait*, for the defendants.

STANLEY, J. A writ of *certiorari* is not ordinarily granted when the plaintiff has other ample and convenient remedies for the establishment and protection of his rights. *Huse* v. *Grimes*, 2 N. H. 208, 212; *Tucker's Petition*, 27 N. H. 405, 409; *Landaff's Petition*, 34 N. H. 163, 173; *Peters* v. *Peters*, 8 Cush. 529. The plaintiff's remedy by appeal would have afforded him all the redress that he seeks by this proceeding. G. L., c. 207, s. 1; *Moses* v. *Julian*, 45 N. 52, 54.

As it does not appear that injustice was done by the decree of the judge of probate, the motion to amend the petition so that it may be regarded as an application for leave to appeal, under Gen. Laws, c. 207, ss. 7, 9, is denied. *Holton* v. *Olcott*, 58 N. H. 598; *Bolles* v. *Dalton*, 59 N. H. 479; *Redding* v. *Dodge*, 59 N. H. 98; *Edes* v. *Herrick*, 61 N. H. 60, 61.

*Petition dismissed.*

All concurred.