WILLIAM M. OSBORNE, petitioner.

Suffolk. January 21, 22. — March 1, 1886. DEVENS, HOLMES, & GARDNER, JJ., absent.

The common council of a city passed an order, appointing a special committee to investigate and report to the council the facts relating to a purchase of land by the water board of the city. The chairman of the committee brought a petition to a justice of this court, under the St. of 1883, c. 195, to compel W., from whom the land was bought, to appear and testify before the committee. The justice to whom the petition was presented reserved the case for the full court. It appeared at the argument, that the council which passed the order had ceased to exist, and its committee had no further power to conduct any investigation; that the members of the water board, whose conduct was to be investigated, had been removed from office, and that the city had brought an action against W. and another, to recover money alleged to have been fraudulently obtained by them in the purchase and sale of the land. *Held*, in the exercise of the discretion of the court, that the petition should not be granted.

PETITION to a justice of this court, filed June 29, 1885, under the St. of 1883, c. 195, to compel one George A. Wilson to appear and testify before a special committee of the Common Council of the city of Boston. The case was heard by *W. Allen*, J., and reserved for the consideration of the full court. The facts appear in the opinion.

*R. M. Morse, Jr.*, for the petitioner.
*S. J. Thomas & A. Russ*, contra.

MORTON, C. J.  It appears, by public events of which the court may take judicial notice, and by admissions of the counsel at the bar, that, since this case was commenced, such changes have taken place in the state of things that the principal questions argued have become little more than mere moot questions, which have no practical bearing upon the decision of the case.

The petition is brought under the St. of 1883, c. 195, by the chairman of a special committee of the Common Council of Boston for the year 1885.  This committee was appointed under an order of the Common Council, passed June 4, 1885, which is as follows: " Ordered, that a special committee of five members be appointed by the chair to investigate and report to the Council all the facts relating to the recent purchase by the Water Board of two pieces of land on Fisher's Hill in Brookline for the extension of the high-service system." The Common Council of 1885 has ceased to exist, and its committee has no further power to conduct any investigation.  But, if this is not an insuperable obstacle in the way of maintaining this petition, there are other facts which show that the prayer of the petition ought not to be granted.  The members of the Water Board whose conduct was to be investigated have been removed from office, and the city has brought a suit against Wilson and William A. Simmons to recover money alleged to have been fraudulently obtained by them in the purchase and sale of the two pieces of land on Fisher's Hill.  The only object which would be accomplished by a further investigation is to procure evidence to be used in this suit.  The St. of 1883 leaves it entirely to the discretion of the justice to whom the application is made, whether he shall issue an order compelling the witness to testify.  In this case, the justice to whom the petition was presented has reserved, not merely the question of the constitutionality of the statute, but the whole question whether, in the discretion of the court, Wilson should be compelled to testify.  If we assume, in favor of the petitioner, that the statute is constitutional and applicable to the case, yet we are clearly of opinion that, as the case now stands, it would not be the exercise of a wise or just discretion to compel the witness to testify.  He would thus be compelled to disclose in advance his defence, and to furnish evidence against himself to be used in a suit against him.  In that

suit, the city may file interrogatories to the defendants, or examine them as witnesses; but it would be unjust to Wilson, and giving the city an unfair advantage, to compel him to appear and testify before a committee representing the plaintiff in that suit.

Without considering the other questions raised in the case, we are of opinion that, in the exercise of the discretion of the court, or of any justice, the prayer of the petition ought not to be granted. *Petition dismissed.*