### BAILEY *v.* SWEENEY.

A railroad corporation have no right, as against the owner of the soil, to give away hay cut by their servants upon land within the limits of their location.

TRESPASS AND TROVER, for taking and carrying away three tons of hay. Facts found by the court. The hay in question was cut by servants of the Sullivan County Railroad upon land within the limits of their location where their road crosses the plaintiff's farm. After it had been cut, and before its removal, the corporation refused to allow the plaintiff to take it, but gave it to the defendant, one of their servants, who carried it away to his own use. The rights and title of the corporation in the land where the hay was cut were acquired by condemning and taking it for railroad purposes by legal proceedings. Due precaution against fire and the safe operation of the road required that the grass and bushes

growing by the side of the track should be cut and removed, or burned upon the ground.   The court found for the plaintiff, and the defendant excepted.

*Ira Colby*, for the plaintiff.

*Albin & Martin*, for the defendant.

ALLEN, J.   The Sullivan County Railroad, whose servant the defendant is, and by whose direction and gift the grass was taken and used, assume the defence of the case.   The grass grew within the limits of the railroad upon land that had been a part of the plaintiff's farm and taken for railroad purposes.   The fee in the land taken for a railroad remains with the owner from whom the land was taken.   The railroad have the possession and control of the land to use for constructing, maintaining, and operating a railroad.   *Blake* v. *Rich*, 34 N. H. 282.   If there was a reasonable necessity for the defendants in interest to remove the grass for the safety of passing trains, or as a precaution against the spread of fire, for the damages from which the railroad are liable, it was not necessary to sell or give away the grass; nor did their possession of the land for railroad purposes entitle them to appropriate the hay.   *Chapin* v. *Sullivan Railroad*, 39 N. H. 564, 570; *Aldrich* v. *Drury*, 8 R. I. 554; *Taylor* v. *New York & L. B. R. R. Co*, 9 Vroom 28; Pierce Railroads 160.   If the safe operation of the railroad and the protection of their business made it necessary to exclude the plaintiff from the land occupied by the road, there is nothing to show that the defendant could not have left the grass, or placed it where the plaintiff could conveniently have taken it.   *Baker* v. *Shephard*, 24 N. H. 208, 218.   The servant of the railroad, by their direction, appropriated and used the grass for his own benefit; and this, not being necessary to nor having any connection with the management of the road, was a conversion of the plaintiff's property by the defendant.

*Judgment for the plaintiff.*

CLARK, J., did not sit: the others concurred.