Coös,  }
June, 1894. }

### GRAND TRUNK RAILWAY CO. *v.* BERLIN *& a.*

The laying out of a highway will be quashed upon *certiorari*, so far as it affects the rights of parties who had no notice or knowledge of the highway proceeding, provided they have no other adequate remedy and have not waived their right to object thereto.

PETITION, for a writ of *certiorari*, filed February 8, 1893. Facts found by the court. In 1855, the Atlantic & St. Lawrence Railroad Company, under authority from the state (Laws 1854, c. 1597), took and paid for a right of way in Berlin, four rods wide, for a branch railroad from their main line to the Berlin Mills. The branch was built, and has ever since been maintained. It, with other property of the company, was leased to the plaintiffs for the term of 999 years. In June, 1891, the selectmen of Berlin, upon petition, laid out a highway about forty feet wide, across the branch railroad, along the course of a highway laid out in 1830, the boundaries of which had become unknown, for the purpose of straightening and widening such highway. From the record of the laying out and other evidence, it appeared that no notice of the hearing before the selectmen upon

the petition was given to the plaintiffs, no damages were awarded, paid, or tendered to them, and they had no knowledge of the laying out until the trial of *Watson* v. *Grand Trunk Railway Co.* (the next reported case), at the October term, 1892, and never ·assented to the same. The selectmen knew that the plaintiffs were, and for twenty years had been, operating the Atlantic Company's railroad, and supposed they had a right of way for the branch. In Watson's action the railway company was charged with causing a defect in the highway on October 16, 1891, by placing cars within its limits, in consequence of which he was injured. Watson is a defendant in this action. The prayer of the petition is that the laying out of the highway be quashed. Such judgment is to be rendered as the facts warrant.

*Bingham & Bingham* and *Robert N. Chamberlin*, for the plaintiffs.

*Twitchell & Libby*, for the defendants.

Chase, J.   The plaintiffs, as lessees of the Atlantic & St. Lawrence Railroad Company's property, had a right to maintain and operate the branch railroad within the limits of the way taken for the purpose. *Blake* v. *Rich*, 34 N. H. 282; *Bailey* v. *Sweeney*, 64 N. H. 296. The easement could not be encumbered by laying out a highway across the way without pursuing the course required for taking the estate of an individual for a like use. G. L., c. 67, s. 13; *Northern Railroad* v. *Railroad*, 27 N. H. 183, 195, 196; *Opinion of the Justices*, 66 N. H. 629. Among the requisites were a petition addressed to the selectmen, due notice of the time and place of the hearing upon it, and an assessment and payment or tender of the damages for the rights taken. G. L., c. 67, ss. 1, 2, 19; c. 70, s. 4. The plaintiffs were entitled to notice and damages. G. L., c. 67, ss. 5, 19. The selectmen had jurisdiction of the subject-matter, but because of the failure to give the required notice of the hearing, they had no jurisdiction of the plaintiffs. The laying out was not for this reason void as to all persons, but as to the plaintiffs only, and in a qualified sense. The plaintiffs might confirm it, or waive their objections to it on account of want of notice. Failure to institute proceedings to set it aside within a reasonable time after they learned of it would be a waiver. *State* v. *Richmond*, 26 N. H. 232; *Gay* v. *Smith*, 38 N. H. 171, 174. While the law does not allow them to attack the laying out collaterally (*Brown* v. *Brown*, 50 N. H. 538; *Horne* v. *Rochester*, 62 N. H. 347; *Fowler* v. *Brooks*, 64 N. H. 423), it affords them ample remedy by *certiorari*. *Moore* v. *Sandown*, 19 N. H. 93, 99; *State* v. *Richmond*,

26 N. H. 232; *Dorchester* v. *Wentworth*, 31 N. H. 451; *Landaff's Petition*, 34 N. H. 163; *Brown's Petition*, 51 N. H. 367. The writ is not awarded as a matter of right, and is withheld where substantial justice has been done in the proceedings under review, or the party has another remedy that is ample and convenient. *Tucker's Petition*, 27 N. H. 405; *Boston & Maine Railroad* v. *Folsom*, 46 N. H. 64; *Logue* v. *Clark*, 62 N. H. 184.

The errors of which the plaintiffs complain are not formal or technical. If the laying out is allowed to stand, the plaintiffs' property will be taken from them without their consent, without compensation, and without an opportunity to be heard upon the question of public necessity or of damages.

That this proceeding was begun within a reasonable time after the plaintiffs learned of the selectmen's action is not questioned; nor do the defendants claim that the plaintiffs had any other adequate and convenient remedy. For this reason, the question, whether they had a remedy by appeal at the time they learned of the laying out (G. L., c. 69, ss. 10, 11; P. S., c. 68, s. 2; c. 288, s. 13), has not been considered.

*Petition granted, and the proceedings, so far as they affect the plaintiffs, quashed.*

WALLACE, J., did not sit: the others concurred.