Hillsborough,
April 4, 1916.

### MARTHA L. JONES *v.* MASON.

In proceedings for the laying out of a highway the court has no power to revise the commissioners' findings, but merely to see that their proceedings have been regular and that neither fraud nor surprise has vitiated their conclusions.

Whether there is public necessity for a highway is a question of fact, and the weight of the evidence is exclusively for the commissioners.

APPEAL, from the laying out of a highway over the plaintiff's premises. The county commissioners found there was necessity for the proposed highway. Many witnesses testified before them, giving their opinions upon the question and their reasons therefor. There are no houses on the new highway except one at the end, called the Newell place. The occupants of the Newell place have a way by prescription over the route of the proposed highway. The plaintiff moved to vacate the finding of the commissioners. The motion was denied, and the plaintiff excepted.

Transferred from the September term, 1915, of the superior court by *Sawyer,* J.

*Henry A. Cutter,* for the plaintiff.

*Herbert J. Taft,* for the defendant.

PARSONS, C. J. The report of the commissioners having been returned into the court might be recommitted or rejected by the court (P. S., *c.* 68, *s.* 8), but it has always been held that "the court

has no power to revise the doings of the commissioners for the purpose of ascertaining whether they have judged wisely and correctly . . . nor for any purpose but to see that their proceedings have been regular, and that fraud or surprise has not been used to vitiate their results." *Hampstead's Petition*, 19 N. H. 343, 347; *Crosby* v. *Hanover*, 36 N. H. 414, 418; *Doughty* v. *Little*, 61 N. H. 365, 368. There is no suggestion of any irregularity, fraud or surprise. What the public good requires, whether there was public necessity for the highway is a question of fact. *Petition of the Milford & Manchester R. R.*, 68 N. H. 570. "The statute makes the commissioners the tribunal to judge of the necessity of the highway. In this respect the court has no power to revise the judgment of the commissioners." *Thompson* v. *Conway*, 53 N. H. 622, 626. That there are no houses on the proposed highway, or only one, and the existence of a private way over the proposed route are evidentiary facts, which might be regarded as tending to establish that the highway was unnecessary. But as the weight of the evidence is exclusively for the commissioners (*Webster's Petition*, 60 N. H. 576, 578) these facts do not establish as matter of law the absence of necessity for the public way.

*Exception overruled.*

All concurred.