NICHOLAS ZEO *vs.* CITY COUNCIL OF SPRINGFIELD.

Hampden.    February 13, 1922. — May 18, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Springfield. Way,* Public: building line. *Municipal Corporations,* Officers and agents, Establishment of building line on public way. *Certiorari.*

The city council of Springfield on July 17, 1916, received a petition asking for the establishment of a building line on one side of a public street "substantially as shown on plan recently prepared for the widening of said . . . street . . . by the engineering department of said Springfield." After public hearings by the board of public works (Sts. c. 1872, c. 334; 1873, c. 126, § 6), and a report by them recommending that the petitioners had leave to withdraw because the plan was not in conformity with a plan prepared by the board, leave to withdraw was given in July, 1918. On November 12, 1917, while the first petition was pending, a second petition was filed asking for the establishment of building lines on both sides of the street. The board of public works fixed a time and place for a hearing, of which notice was given to abutters and, after the hearing, reported on May 29, 1918, that common convenience and necessity required "that building lines should be established for both sides of said . . . Street . . . as shown on the plan accompanying this report . . ." On June 3, 1918, the board of aldermen referred to the committee of the whole an order to accept and adopt the report of the board of public works if concurred in by the common council. No further action was taken until March 1, 1920, "when the order was taken from the files, read, passed and sent down for concurrence." The council on March 8, 1920, concurred, and on March 10 the order was approved by the mayor and was recorded in the registry of deeds on March 23, 1920. Upon a petition for a writ of certiorari and for a quashing of the proceedings, it was *held,* that

(1) The pendency of the first petition when the order of the board of public works upon the second petition was adopted was not a sufficient reason for setting that order aside;

(2) The lapse of substantially twenty-one months between the reference by the board of aldermen to the committee of the whole and the taking of further action was not fatal to the validity of the first order;

(3) Laches is not commonly imputed to public officers in respect of their governmental functions or as representatives of the sovereignty;

(4) Under §§ 1, 2 of St. 1901, c. 147, amending the charter of the city of Springfield, the board of aldermen and the common council became continuous bodies, and, if expedient and the interests of the city required, proceedings which had lawfully been begun by a preceding city council could be prosecuted by succeeding councils until completed and made effective;

(5) The fact that the membership of the board of aldermen and of the common council had been changed during the time when the order was pending in the board of aldermen in the circumstances did not make the first order invalid.

In an answer filed by the respondents in the petition above described, they alleged that the second petition "was referred by the board of aldermen to the board of public works, and that the board of public works, after notice to all parties interested, held hearings thereon." In an agreed statement of facts upon which, with the petition and answer, the case was reserved for this court, it was agreed as follows: "It is hereby agreed that when the reports of the board of public works on said petitions Nos. 1 and 2 were filed with the City Council, the following papers and no others were attached thereto respectively and were before the City Council when it acted on said reports, and were filed with the records of the City Council, but were separated from said reports when the respondents' answer was prepared. Sheets marked on the bottom 1 and 2 were attached to the petition dated July 13, 1916 (petition No. 1). Sheets marked on the bottom 3 and 4 were attached to the petition dated November 3, 1917 (petition No. 2)." "Sheets marked on the bottom 1 and 2" referred to hearings under the second petition in April, 1918. Those "marked on the bottom 3 and 4" referred to hearings in 1916 on the first petition. The petitioners in these proceedings argued that the record showed that hearings on the second petition were held before the petition was filed. *Held,* that

(1) The action on the first petition at any stage ceased to be of any consequence;

(2) The answer of the respondents must be treated as a return; and it showed that before filing the report on the second petition, the board of public works fixed a time and place for a hearing of which the petitioner in common with other abutters received notice, and at which he could have appeared and been heard.

PETITION, filed in the Supreme Judicial Court on July 25, 1921, for a writ of certiorari directing the city council of Springfield to make a return of its proceedings relative to the alleged establishment of a building line on Chestnut Street between Liberty Street and Carew Street and upon the petition for the establishment of a building line on Chestnut Street to the end that the proceedings of the city council might be quashed or otherwise dealt with as law and justice might require.

Material facts appearing in the petition, answer and an agreed statement of facts are described in the opinion.

The argument of the petitioner, referred to in the opinion, that when the council "acted upon the establishment of the building

line, it appeared that the hearings on the petition were held prior to the filing of the petition and that no hearings were held there-after," was based upon the following statement in the agreed statement of facts: "It is hereby agreed that when the reports of the board of public works on said petitions Nos. 1 and 2 were filed with the city council, the following papers and no others were attached thereto respectively and were before the city council when it acted on said reports, and were filed with the records of the city council, but were separated from said reports when the respondents' answer was prepared. Sheets marked on the bottom 1 and 2 were attached to the petition dated July 13, 1916 (petition No. 1). Sheets marked on the bottom 3 and 4 were attached to the petition dated November 3, 1917 (petition No. 2)."

The petitioner's argument was as follows:

"The record as to the hearings before the board of public works, although separated from the records of the city council before the return was filed, is properly before the court, because included in the agreed facts. The respondents, by agreeing to the facts relat-ing to the record of hearings before the board of public works, have waived the objection that on a petition for certiorari the facts in their return cannot be controverted. *Jones* v. *Metropol-itan Park Commissioners*, 181 Mass. 494, 497. It was alleged in the petition and admitted in the answer that petition No. 2 was filed November 12, 1917. It was agreed [in the agreed statement of facts] that the record of hearings and no other papers were attached to the respective petitions when they were before the city council and the records marked '3' and '4' were attached to petition No. 2. These records . . . indicate an order of notice dated July 26, 1916, respecting a hearing on August 8, 1916, and service by a constable on August 1, 1916; also an order of notice dated August 18, 1916, for a hearing on damages on August 30, 1916, and service by a constable on August 22, 1916. All of these orders and hearings bore date over a year prior to the filing of the petition on which they were based."

It appeared from the record that "sheets marked on the bottom 1 and 2" referred to hearings in 1918 by the board of public works upon the second petition, of which the petitioner in the proceed-ings and other abutters had notice. The defendants alleged in their answer that the second petition "was referred by the board

of aldermen to the board of public works, and that the board of public works, after notice to all parties interested, held hearings thereon."

The case was reserved by *Pierce, J.,* for determination by the full court.

*P. Nichols,* (*C. E. Bell* with him,) for the petitioner.

*J. Dearborn,* for the respondents.

BRALEY, J.  This is a petition for a writ of certiorari to quash an order passed by the city council of Springfield, defining and establishing the building lines of Chestnut Street between the intersecting streets named therein.  The respondents, who are the members of the city council, received on July 17, 1916, a petition asking that they " cause a building line to be established on Chestnut street between Liberty and Carew streets substantially as shown on plan recently prepared for the widening of said Chestnut street between said points by the Engineering Department of said Springfield."  The petition was referred to the board of public works whose powers and duties were defined by St. 1872, c. 334, St. 1873, c. 126, § 6, which gave notice to the abutters, including the petitioner, and held public hearings.  But, the plan not having been in conformity with a plan proposed by the board, it recommended to the city council on or about July 10, 1918, that the petitioners have leave to withdraw.  The council accordingly passed such an order which was approved by the mayor.  During the pendency of the first petition a second petition was brought on November 12, 1917, asking for the establishment of a building line on both sides of Chestnut Street "from Liberty Street and extending northerly to Carew Street."  The board, to whom this petition also was referred, reported on May 29, 1918, that common convenience and necessity required "that building lines should be established for both sides of said Chestnut Street . . . as shown on the plan accompanying this report. . . ."  The board of aldermen on June 3, 1918, referred to the committee of the whole an order to accept, and adopt the report if concurred in by the common council.  But no further action was taken until March 1, 1920, "when the order was taken from the files, read, passed and sent down for concurrence."  The council on March 8, 1920, concurred, and on March 10 the order was approved by the mayor, and was recorded in the registry of deeds on March 23, 1920.  If

this order is valid, the estate of the petitioner apparently will be impaired in value, compensation for which must be sought in the manner provided where land is taken for a town way by eminent domain. R. L. c. 48, § 103. St. 1917, c. 344, Part II, § 73. See G. L. c. 82, § 37.

The fact, that when the order on petition two was adopted, no final disposition of petition one had been made, is an insufficient reason for setting it aside. The lines on each side of Chestnut Street had been altered and fixed by the passage, approval and record of the order on the second petition. It would follow that the first petition which involved a change only on one side of the street had become inapplicable to the existing state of affairs, and the petition could properly be disposed of by an order of leave to withdraw which in effect amounted to nothing more than a formal discontinuance.

Nor is the lapse of substantially twenty-one months before further action was taken after the order had been referred to the committee of the whole, fatal. "Laches is not commonly imputed to public officers in respect of their governmental functions or as representatives of the sovereignty." *Selectmen of Westwood* v. *Dedham*, 209 Mass. 213, 217. The statute does not fix any time within which the work must be completed. It rested in the discretion of the city council. *County Commissioners of Hampshire, petitioners*, 143 Mass. 424, 433.

The petitioner also attacks the order, because, the term of office of the city council having expired without a report from the committee of the whole, and the term of the city council of 1918 also having terminated before final action was taken, the proceedings lapsed and the city council of 1920 had no jurisdiction. The city council however was the representative body of the municipality and could exercise such powers as were lawfully necessary for the accomplishment of their work. *Spaulding* v. *Lowell*, 23 Pick. 71. By §§ 1, 2 of St. 1901, c. 147, which is entitled An Act to amend the charter of the city of Springfield relative to the election of aldermen and councilmen," which, under the provisions of § 4, we assume was accepted by a majority of the qualified voters of the city, the members of the board of aldermen, and of the common council which comprise the city council since the first annual election thereafter have been elected so that four of the eight aldermen

only are chosen annually, and of the eighteen members of the common council, "one . . . shall be elected in each ward entitled to two . . . councilmen, and one or two . . . shall be elected in each ward entitled to three . . . according as the terms of the several . . . councilmen expire." If expedient, and the interests of the city require, proceedings which had lawfully been begun by a preceding city council could be prosecuted by succeeding councils until completed and made effective. It is a continuous body although its membership might partially change from time to time as provided in St. 1901, c. 147, §§ 1–3. *Taintor* v. *Mayor & City Council of Cambridge,* 192 Mass. 522, 523; *McCarthy* v. *Street Commissioners of Boston,* 188 Mass. 338. *Osborne, petitioner,* 141 Mass. 307, 308. *Pickford* v. *Mayor & Aldermen of Lynn,* 98 Mass. 491, 492, 493.

A further argument is pressed, that when the council "acted upon the establishment of the building line, it appeared that the hearings on the petition were held prior to the filing of the petition and that no hearings were held thereafter." The petitioner undoubtedly was entitled to notice of the proposed taking and to be heard if he so desired. R. L. c. 48, §§ 103, 67. St. 1917, c. 344, Part II, § 73. *Fitchburg Railroad* v. *Fitchburg,* 121 Mass. 132. *Howland* v. *Greenfield,* 231 Mass. 147, 149. The action on the first petition at any stage ceased to be of any consequence. It had no relation to or connection with the proceedings on the second petition, and the answer of the respondents, which is to be treated as a return, shows that before filing the report on the second petition, the board of public works fixed a time and place for a hearing of which the petitioner in common with other abutters received notice, and at which he could have appeared and been heard. *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206, 214.

The petition for the reasons stated should be dismissed.

*So ordered.*