Hillsborough,  
Dec. 6, 1949.  } No. 3861.

## ANNA L. WAISMAN *v.* MANCHESTER.

*McLane, Davis, Carleton & Graf* and *Stanley M. Brown* (*Mr. Brown* orally), for the plaintiff.

*J. Francis Roche*, city solicitor and *Joseph J. Betley* (*Mr. Betley* orally), for the defendants.

DUNCAN, J. The questions reserved by the Trial Court, and the plaintiff's vigorous assertion that the proceedings before the board of mayor and aldermen should be vacated upon *certiorari* without putting her to the expense of trial of her appeal, invite consideration of the nature and scope of the appeal; for it is established law that where an adequate remedy is available upon appeal, *certiorari* will not be granted. *Cloutier* v. *State Milk Control Board*, 92 N. H. 199, 203; *Grand Trunk Railway* v. *Berlin*, 68 N. H. 168, 170; *Logue* v. *Clark*, 62 N. H. 184; *Boston & Maine Railroad* v. *Folsom*, 46 N. H. 64.

The proceedings are brought under the provisions of R. L., c. 51, s. 90, permitting the taking by municipalities of "any land required for public use." The same section provides that the land "may be taken, the damages assessed, and the same remedies and proceedings had as in the case of laying out highways by selectmen." Accordingly, the petition was properly filed with the board of mayor and aldermen, whose powers and duties in the premises were the same as those of selectmen of towns. R. L., c. 64, s. 11.

The statutes relating to the laying out of highways by selectmen provide among other things that "selectmen . . . upon petition may lay out any . . . highway . . . for which there shall be occasion." Highway Law of 1945, Part 5, s. 1. (Laws 1945, c. 188, s. 1.) No complaint is made that the plaintiff was not notified of the hearing (s. 2), and she participated in it through counsel. The statute directs

that at the hearing "the selectmen shall make a personal examination of the several routes proposed . . . shall hear all parties interested who may attend and any evidence they may offer . . . " *S.* 8. "They may lay out such highway over any ground they may deem most suitable . . . " *S.* 9. They are also charged with the assessment of damages. *S.* 12.

Appeals are provided for by section 24 of Part 5. "Any person aggrieved by the decision of the selectmen in the laying out . . . of a highway or in the assessment of damages therefor, may appeal therefrom to the superior court . . . " Such appeals are to be referred to the county commissioners (*s.* 31) who are required to appoint a time and place for hearing (*s.* 34) and "shall make examination of the routes and hear parties interested, and shall have like powers as selectmen in such case." *S.* 38. By section 39 it is provided that "there shall be no appeal from their findings in the matter of occasion for the laying out of the highway . . . in the absence of fraud or gross mistake." They are required to report to the court (*s.* 43), and interested persons may be heard in relation to the report. *S.* 49. The decision of the selectmen may be affirmed, modified or reversed according to such report. *Ib.*

The procedure thus provided by the Highway Law of 1945 differs in no material respect from the procedure which has long been followed here in highway cases. There can be no question under our decisions but that the plaintiff's appeal entitles her to the equivalent of a new trial before the commissioners. This was expressly decided in *Bickford* v. *Franconia*, 73 N. H. 194, 195, where it was held that on appeal "the case is to be heard anew" and that: "In highway appeals and generally, the appeal vacates the judgment in the court below, and the judgment in the appellate court is a distinct and original judgment." Likewise the statutes leave no question that the appeal lies not only from the assessment of damages, but also from the decision of the selectmen "in the laying out . . . of a highway." *S.* 24. The laying out by selectmen involves determination of the "occasion" (*s.* 1), which from the earliest days has been interpreted to require consideration of "the public exigency and convenience" and the rights of affected landowners. *Dudley* v. *Cilley*, 5 N. H. 558, 560; *Stinson* v. *Dunbarton*, 46 N. H. 385. Upon appeal the commissioners are charged with determining the same issues. *Ss.* 38-42. That they shall make "findings on the matter of occasion for the laying out of the highway" is clearly contemplated. *S.* 39, *supra.* The right of the landowner to be heard before the commissioners upon this issue has

been long established. *Stinson* v. *Dunbarton, supra;* See *State* v. *Reed,* 38 N. H. 59, 60.

We have reviewed the statutory provisions at length so that the scope of the plaintiff's remedy on appeal may be made fairly apparent. No claim is advanced of lack of jurisdiction on the part of the board of mayor and aldermen, either with respect to the subject matter or the plaintiff landowner. The defect alleged is that no evidence was offered, and no finding made, of necessity for the taking of land for recreational purposes, or of any necessity or occasion for taking the particular lands of the plaintiff. Since these are issues with which the commissioners are fully competent and authorized to deal upon appeal, no occasion is presented upon *certiorari* to examine the proceedings of the board, or to vacate the action from which appeal is taken. "To grant the motion [to quash] . . . would compel the petitioners for the highway to begin anew and bring the plaintiff here again on appeal, involving the injustice and vexation of circuity, and furnishing no benefit to which he is legally entitled." *Campbell* v. *Windham,* 63 N. H. 465. The plaintiff's right to be heard, and to offer evidence upon the question of necessity will be fully protected upon her appeal. *Stinson* v. *Dunbarton, supra.* It would be futile, in view of the scope of the appeal, to require that the proceedings be instituted anew, even if the record were thought to demonstrate error. *Bickford* v. *Franconia, supra; Carpenter's Petition,* 67 N. H. 574; *Crowell* v. *Londonderry,* 63 N. H. 42, 49; *Peirce* v. *Portsmouth,* 58 N. H. 311; *Petition of Tucker,* 27 N. H. 405. The record does not so far support the plaintiff's claim that the proceedings were not brought in good faith as to warrant the conclusion that they may not be maintained. The plaintiff's remedy by appeal is adequate, and in such a case *certiorari* will not be granted. *Grand Trunk Railway* v. *Berlin, supra; Cloutier* v. *State Milk Control Board, supra.* The first question reserved is therefore answered in the negative.

The second question may be briefly answered by reference to the statute. The questions of necessity and the like are, as has been pointed out, questions for the commissioners, subject to acceptance of their report by the Superior Court. Highway Act of 1945, Part 5, s. 49, *supra.* In order to more fully meet the contentions of the plaintiff however, and to guide the Trial Court and commissioners in their duties, some elaboration upon this answer may be called for. It is conceded that before the board of mayor and aldermen no evidence was offered tending to establish the necessity for the taking. This was asserted by the plaintiff to constitute a fatal defect. Because

the same question may arise with respect to the proceedings before the commissioners, it may be thought to merit some consideration here. The statute provides that "there shall be no appeal from [the commissioners'] findings on the matter of occasion for the laying out of the highway . . . in the absence of fraud or gross mistake." *S.* 39. This provision, unlike other provisions of the statute pertinent here, is first found in the Laws of 1945. *Cf.* R. L., *c.* 92, *s.* 6. Its appearance however heralds no change in the law of this jurisdiction. It merely enacts into statute law what was previously established as the common law. *Thompson* v. *Conway*, 53 N. H. 622; *Webster's Petition*, 60 N. H. 576, 578; *Boston & Maine Railroad* v. *Folsom*, 46 N. H. 64, 66; *Proctor* v. *Andover*, 42 N. H. 348, 357. See also, *Jones* v. *Mason*, 78 N. H. 148; *New London* v. *Davis*, 73 N. H. 72, 78.

It is thus apparent both by decision and statute that determination by the commissioners of the issue of necessity or occasion will be final in the absence of fraud or gross mistake. It seems equally plain that their findings must be based upon *"some* evidence." *Thompson* v. *Conway, supra,* 627. As the *Thompson* case indicates, the existence of some evidence of the necessity for the taking will upon appeal be presumed. So in *Webster's Petition supra*, the court assumed (the contrary not appearing) that the commissioners "acted upon competent evidence, which it was their exclusive province to weigh." And in *New London* v. *Davis, supra,* 78, it was said that the regularity of a layout by selectmen must be presumed, "in the absence of evidence to the contrary." See also, *Proctor* v. *Andover, supra,* 357. The legislative reference to the findings of the commissioners itself indicates contemplation that there shall be some evidence upon which such a finding can be made. We therefore conclude that evidence of necessity or of the occasion, as well as findings with respect thereto, are necessary to the proceedings before the commissioners.

In reaching this conclusion, we are not unmindful of our decision in *State* v. *4.7 Acres of Land*, 95 N. H. 291, where it was pointed out that the question of the necessity and expediency of the taking is wholly legislative, requiring neither notice nor hearing to the landowner in advance. No conflict with this principle is involved here. While the Legislature has delegated to municipalities the power to take land by eminent domain, it has also provided that the power shall be exercised as in the case of the layout of highways, and thus has required notice and the right to be heard.

A more complete answer to the second question transferred therefore is that the issues specified are for the determination of the com-

missioners upon evidence the weight of which in the absence of fraud or gross mistake is for their sole determination; subject to the statutory power of the Trial Court with respect to acceptance or recommittal of their report.

*Case discharged.*

All concurred.