Merrimack,
No. 4967.

LESLIE J. ROGERS *v.* CONCORD.

Argued December 5, 1961.

Decided March 6, 1962.

48

*Upton, Sanders & Upton* (*Mr. Robert W. Upton* orally), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* (*Mr. James B. Godfrey* orally), for the defendant.

BLANDIN, J. The plaintiff's attack upon the validity of the layout centers upon the proposition that the mayor and board of aldermen were acting judicially and that the board which was inaugurated on January 11, 1960, containing five new members of a total of fifteen, had no jurisdiction to pass upon the petition filed December 14, 1959, which was heard but not acted upon by the former board on January 6, 1960.

The present government of the city of Concord is founded on chapter 429 of the Laws of 1957, and known as the mayor-alderman plan charter. This charter provides that "the inhabitants . . . shall continue to be a body politic and corporate . . . and as such to enjoy all the rights, immunities, powers and privileges and be subject to all the duties and liabilities now appertaining to or incumbent upon them as a municipal corporation." Laws 1957, 429:1. RSA 44:2 provides that "All provisions of statutes, now made or hereafter enacted relating to towns, shall be understood to apply to cities; and all provisions relating to the selectmen and town clerks of towns shall be construed to apply to the mayor and

aldermen and clerks of cities, respectively, unless a different intention appears."

The governing body of the city consists of "a principal officer called the mayor and a board of fifteen aldermen. The mayor shall be elected from the city at large for a term of two years. At each election three aldermen shall be elected from the city at large for terms of four years and one shall be elected from each ward for a term of two years . . . . " Laws 1957, 429:8. " . . . The mayor-elect and the newly elected members of the board of aldermen shall assume office at the regular January meeting in each even numbered year." Laws 1957, 429:12. The charter further provides that the board of aldermen "shall have all the powers and discharge all the duties conferred or imposed upon city councils in convention, city councils voting concurrently, or boards of mayor and aldermen acting separately, by chapters 44 to 48 inclusive, of the RSA or other general law now in force or hereinafter enacted, or upon the existing city councils of board of mayor and aldermen of the city of Concord by special laws not hereby repealed. The board of aldermen shall have the powers of selectmen of towns so far as consistent with this charter. All provisions of such laws pertaining to the powers or duties of any or all such bodies shall be construed to apply to the board of aldermen hereby established unless a contrary intent or provision herein appears, it being the purpose of this act to confer upon said board all functions of either or both branches of the existing board of aldermen, whether legislative, executive or judicial." RSA 429:15.

Towns are authorized by RSA 31:4 III "to lay out . . . public parking areas." RSA 31:92 provides that for such purposes "land may be taken, the damages assessed, and the same remedies and proceedings had as in case of laying out highways by selectmen." Selectmen are empowered to lay out or alter highways by RSA ch. 234, of which section 13 provides "they shall make a return of the highway or any alteration by them laid out, describing the same and the width thereof, and their assessment of the damages sustained by each owner of land or other property taken, and cause the same to be recorded by the town clerk."

The rule that the board of aldermen is a continuing body regardless of changes in its personnel and that proceedings duly begun before one board may be completed by its successor, is firmly established. *Taintor* v. *Mayor of Cambridge*, 192 Mass. 522; *Zeo* v. *City Council of Springfield*, 241 Mass. 340, 345; 62 C. J. S.,

Municipal Corporations, *s.* 386, *pp.* 729, 730; 37 Am. Jur., Municipal Corporations, *s.* 50. We believe we need not labor the point that to hold otherwise in cases involving constantly changing elective bodies would involve such endless and costly delays as to seriously endanger the functioning of city government.

That the charter of the defendant city recognized the necessity for the continuing nature of its board seems apparent from the provisions that at each biennial election three aldermen at large be elected for a period of four years and nine more aldermen for a two-year tenure. Laws 1957, 429:4, 8. See *Zeo* v. *City Council of Springfield, supra;* Mass. Acts and Resolves 1901, *c.* 147, *ss.* 1–3.

In short, we find nothing in our statutes or cases which would deny the existence of continuing powers in the board of aldermen. Such a well-established general principle as this, supported by sound, practical reasons, should not be overthrown in the absence of clear and compelling authority. We do not believe that the decisions cited by the plaintiff, such as *Brown* v. *Brown,* 50 N. H. 538, holding that proceedings under statutes authorizing selectmen to lay out highways are of a "judicial nature" (*Id.,* 551), are such authority. We therefore reject the plaintiff's contention that the new board here had no jurisdiction to order the layout and taking under RSA 31:92.

The plaintiff finally raises the issue of the return as compliance with RSA 43:4. See also, RSA 234:13. It is true that without compliance with the statutes there is no taking. *Edgcomb Steel Co.* v. *State,* 100 N. H. 480, 485. While the record of the layout in the case before us complies substantially with the statutes it does not conclusively appear that the petition for a layout, order of notice and evidence of service have been filed and recorded. If this has not been done the present board can do it.

The questions of the legality of the proceedings before the mayor and board of aldermen are not decisive because the plaintiff has, upon appeal "full opportunity for a fair trial [de novo] before an impartial tribunal." *Bickford* v. *Franconia,* 73 N. H. 194, 196. See also, *Waisman* v. *Manchester,* 96 N. H. 50. To sustain the plaintiff's position would compel the city "to begin anew and bring the plaintiff here again on appeal, involving the injustice and vexation of circuity, and furnishing no benefit to which he is legally entitled." *Campbell* v. *Windham,* 63 N. H. 465. See also, *Waisman* v. *Manchester, supra.*

In conclusion, we hold that the new board had jurisdiction to

render a decision upon the petition for the layout and taking of the plaintiff's land and that the legality of the proceedings will not be further reviewed here in advance of a trial de novo on appeal.

The order is

*Exceptions overruled.*

All concurred.