CITY OF NASHUA

v.

FERDINAND G. GAUKSTERN & a.

January 31, 1977

*Winer, Lynch, Pillsbury & Howorth,* of Nashua (*Mr. Robert W. Pillsbury* orally) for the plaintiff.

*Hamblett, Kerrigan, LaTourette & Lopez,* of Nashua, and *John V. Dwyer, Jr.* (*Mr. Dwyer* orally) for the defendants.

LAMPRON, J. Petition by the city of Nashua to take by eminent domain under RSA ch. 498-A (Supp. 1975) a portion of defend-

ants' land as well as that of other abutters in connection with the widening and reconstruction of Amherst Street, known as Route 101A. The other abutters made no objection to the taking. The project includes the construction of "jug-handles", traffic lights, street widening, paving, installation of a median barrier in the original roadbed, and the acquisition of drainage easements. The defendant Gauksterns' property is the project's most eastern parcel of land on the south side of Amherst Street. A Dunkin' Donuts franchise is operated thereon.

The Trial Court (*Loughlin,* J.) heard no evidence and reserved and transferred without ruling on the pleadings and an agreed statement of facts the following questions, which are the issues on this appeal. The first relates to the validity of the public hearings allegedly held by the city pursuant to RSA ch. 234. The second pertains to the authority of the city, without regard to the validity of the taking, to construct a median barrier in the highway at the Gaukstern location.

On August 14, 1973, the city's board of public works filed a petition with the board of aldermen to lay out the proposed Amherst Street project pursuant to RSA 234:1 (Supp. 1975) as applied to cities by RSA 44:2. *Rogers v. Concord,* 104 N.H. 47, 178 A.2d 509 (1962); *see Revised Ordinances of Nashua* § 902 (1975). The mayor and board of aldermen ordered a public hearing to be held thereon by the board of public works at the aldermanic chambers in the city hall on September 12, 1973. The defendants were given written notice thereof. RSA 234:4, :5 (Supp. 1975).

The board of public works did hold a public hearing on that date. However, the defendants were unable to locate the meeting at the time and place designated in their notices. They were allegedly told by an employee at city hall that the hearing had been rescheduled and they left. None of the defendants or any representative was present at the hearing nor was any member of the board of aldermen.

On September 19, 1973, the board of public works received a letter from defendant Dunkin' Donuts which set forth objections to the project. The board held its regular meeting on September 26, 1973, in the course of which it considered Dunkin' Donuts' request to set back the median strip opposite their lot and unanimously voted to deny it.

On October 1, 1973, the finance committee of the board of aldermen held a public hearing on a resolution of that board to issue

bonds in the amount of $650,000 to pay for the cost of the Amherst Street project. A representative of defendant Dunkin' Donuts, and defendant Gaukstern were present and made known their objections. Gaukstern offered a solution to the "jug-handle" in front of their lot. This resolution was later indefinitely postponed. An item in the 1973–74 municipal budget to pay for the project out of general funds was approved on October 26, 1973.

A resolution to acquire the necessary land for the Amherst Street project had its first reading before the board of aldermen on August 13, 1974, and was referred to its finance committee to hold, jointly with the board of public works, a public hearing on September 25, 1974. The defendants did not receive any notice of the hearing and were not present. This resolution was passed by the board of aldermen on November 26, 1974. It was pursuant to the authority of this resolution that the declaration of taking under RSA 498-A:5 (Supp. 1975) was filed and the Amherst Street project undertaken.

RSA 234:8, as applied to the board of aldermen by RSA 44:2, provides in part that when a petition for a highway layout or alteration has been filed, the board "shall hear all parties interested . . . and any evidence they may offer . . . ." They may "alter any highway as they judge proper . . . ." RSA 234:9. Section 903 of the Revised Ordinances of Nashua (1975) provides that when a petition is received by the board of aldermen for layout of a street or widening or altering it "the board shall designate a date for the public hearing on the petition . . . ."

 The Eminent Domain Procedure Act, RSA ch. 498-A (Supp. 1975), is intended to provide a complete and exclusive procedure to govern all condemnations of property for public purposes. However, "it is not intended to enlarge or diminish the power of condemnation given by law to any condemnor and it is not intended to enlarge or diminish the rights given by law to any condemnee." RSA 498-A:1 (Supp. 1975). It follows that on a petition for an alteration of a highway the landowners concerned are entitled to notice and the right to be heard before the body in whom the power over highways has been vested. RSA 234:2; RSA 44:2; *Waisman v. Manchester*, 96 N.H. 50, 55, 69 A.2d 871, 874 (1949); *see State v. 4.7 Acres of Land*, 95 N.H. 291, 294, 62 A.2d 732, 734–35 (1948).

■ The purpose of such notice and hearing is to provide the board of aldermen with evidence on which to base their approval of the proposed alteration of the highway. *Waisman v. Manchester, supra* at 53, 69 A.2d at 872. The property owners are thus afforded an opportunity to make their objections known to the body which has to reach a decision on the project in question. Hearings before the board of public works or before a committee of the board of aldermen, when highways are concerned, do not meet the requirements of RSA ch. 234. *Towle v. Nashua,* 106 N.H. 394, 212 A.2d 204 (1965); *Rogers v. Concord,* 104 N.H. 47, 178 A.2d 509 (1962); *Waisman v. Manchester,* 96 N.H. 50, 55, 69 A.2d 871, 874 (1949).

■ It is agreed that no hearing before the board of aldermen was ever held to enable the defendants to present their views as well as alternate plans to those presented in the layout petition of the board of public works. Hence for lack thereof the plaintiff's declaration of taking under RSA 498-A:5 (Supp. 1975) in so far as it pertains to the land of the defendants should be dismissed as requested by them in their answer.

■ The second issue transferred is the authority of the city, without regard to the validity of the taking of defendants' land, to construct under its police power a median barrier along the front of their property. The pleadings and the agreed statement of facts which constitute the record before us pertain to the issue of the validity of the city's declaration of taking. We have decided that issue. However, we hold that this record constitutes an insufficient basis on which we can properly render an opinion on the second issue and decline to do so. *See Piper v. Meredith,* 109 N.H. 328, 251 A.2d 328 (1969); *Bedford v. Lynch,* 113 N.H. 364, 308 A.2d 522 (1973).

*Remanded.*

Bois and Douglas, JJ., did not sit; the others concurred.