## THOMPSON *v.* CONWAY.

When the report of the county commissioners, upon a petition for a new highway, is presented for acceptance, the court will not examine into the sufficiency of the evidence that was laid before them upon the question of the necessity for the same, unless the commissioners acted in bad faith, or were guilty of gross errors and mistakes.

PETITION, by Samuel W. Thompson against the town of Conway, for a new highway, referred to the county commissioners who laid out the

highway prayed for, and in their report fixed the grade and the time within which the road should be built. The town objected specially to that part of the report fixing the grade and the time; and the plaintiff agreed to the rejection of that part.

The town moved that the report be set aside or recommitted, on the ground that there was no demand for the road except for the accommodation of persons visiting the mountain region during a very small portion of the year, to enable them to reach wild places and objects of curiosity, and to enjoy the natural scenery of the country; and on the ground that the commissioners erred in judgment in finding upon the evidence that there was any occasion for the road—that upon going into the evidence the court would be satisfied that the highway ought not to be laid out. The town did not claim that the commissioners acted in bad faith or under any improper personal influence, but that they had committed such a gross mistake and error in weighing the evidence that the town ought not to be put to the great expense of building the road, and particularly a very expensive bridge over Saco river, without an opportunity to be again heard. The court ruled, that, as matter of law, the motion of the town must be overruled without going into the evidence laid before the commissioners, or other evidence upon the general question of the propriety of laying out the way, and that the plaintiff was entitled to judgment on the report, except as to grade and time; and the town excepted.

*Copeland* (with whom was *Eastman*), for the defendants.

Any report of the commissioners may, for good cause, be recommitted. Gen. Stats., ch. 63, sec. 7. The question here simply is, whether the grossest error, or the grossest mistake, in the findings of the commissioners, is a good cause for recommitting their report. It would seem that the same principles which apply to verdicts of juries, should apply to the findings of commissioners in matters of fact. Each is acting under the authority of the court; each returns its findings to the court for acceptance; the findings of neither have any validity until the court passes its judgment thereon; the findings of each may be set aside by the court, and for the same reasons; and we submit that a jury of twelve men, acting in good faith, hearing a case in the presence and under the direction of the court, deliberating by themselves under the charge of an officer of the court, is less likely to be wrong, than the findings of three men, who, in hearing the case, have not the assistance of the court, but are a " law unto themselves." In the *Petition of Groton*, 43 N. H. 94, the court say,—" The principles of the law on this subject have been most frequently applied in the case of jurors; " and, after stating the law as applicable to jurors, the court say,—" We think this principle applies with its full force to the case of the county commissioners; " and I submit that this court, in recommitting reports of commissioners, have applied the same reasoning and principles they apply in setting aside verdicts for the miscon-

duct of jurors. The court will set aside a verdict which is against the evidence—*Trask* v. *Bowers*, 4 N. H. 321 ; and when against the weight of evidence, if substantial justice has not been done—*Gould* v. *White*, 26 N. H. 178 ; *Lisbon* v. *Bath*, 21 N. H. 319 ; 7 Mass. 261 ; 13 Mass. 507. A new trial may be granted, on the ground that the verdict is against the weight of evidence, although the evidence, in whole or in part, is derived from inspection. *Davis* v. *Jenny*, 1 Met. 521 ;—see 4 Yeates 437 ; 3 Black. C. C. 227 ; 2 Cranch C. C. 478 ; 4 Cranch C. C. 206. In this case the town claim that the commissioners committed gross mistake and error ; that their finding is without evidence, or clearly against the weight of evidence,—and contend that the evidence of such gross error and mistake should have been heard by the court. If such evidence cannot be heard, then a town is without remedy for the grossest error and mistake of commissioners in locating expensive ways and bridges, costing many thousand dollars, which are unnecessary, useless, and expensive to keep in repair. If the location is unjust, and clearly wrong, the town of Conway should not be subjected to the great expense of building and maintaining an unnecessary bridge across Saco river, because the commissioners acted in good faith. The law recognizes that human judgment may commit errors and mistakes, and provides for their correction, even when made in good faith. Appeals lie from one tribunal to another ; acts of the legislature are repealed and amended ; the constitution may be amended ; reviews and new trials are granted ; courts reverse their own decisions and those of inferior tribunals : why should the findings of fact by road commissioners be unassailable for gross errors and mistakes, when the findings of no other tribunal known to the law are exempt from correction or reversal when necessary ?

*Hobbs* (with whom was *Wells*), for the plaintiff.

There is no *evidence* as to the defendants' claims. The defendants' counsel seem to misapprehend the law in reference to setting aside verdicts. A verdict will be set aside when *against* the evidence ; but if there was *any* evidence upon which the jury could have found the verdict, it will not be set aside. To say the verdict is against the evidence is one thing, and upon this point the court will pass. But to say that the *balance* of evidence was against the verdict, is to say that there was some evidence upon which it may have been found either way, and to *weigh* that evidence is the sole province of the jury. The cases where verdicts have been set aside *seem* rather to be cases where some " mistake or misconduct " exists, as in *Clark* v. *Society*, 45 N. H. 334. If it be made to appear that the jury did not *understand* the evidence, or did not hear some vital expression, the verdict will be set aside. But if the jury do understand the evidence, the fact that the court would have found differently upon the same evidence will not be cause to set aside the verdict. *Palmer* v. *Portsmouth*, 43 N. H. 265 ; *Wendell* v. *Moulton*, 26 N. H. 41. The ground of setting a verdict

aside is, that the jurors have *mistaken* the evidence, not that they have given it undue weight. However this may be, the question in the case at bar is settled in this state. See *Marlborough's Petition*, 46 N. H. 495. That case holds, as to the finding of matter of fact by commissioners on petitions as to highways, that " the court will not revise their doings, —that is, the court will not undertake to settle the fact differently upon the same evidence from what the commissioners have done, if the court see that the commissioners have acted upon *competent* evidence, and that all their acts and proceedings have been regular." The question of *competency* of evidence cannot, in the case at bar, arise, since, in *laying out* highways, sec. 8, ch. 63, Gen. Stats., expressly enacts that " the commissioners may admit or reject any evidence offered ; and no report made by them shall be set aside or recommitted by the court because of such admission or rejection." In the case last cited, the court claims the right to pass upon the question of *competency* only by virtue of the 69th rule of court, which relates solely to questions of *discontinuance* and not of *laying out* highways. It is not requisite to consider whether or not Rule 69 is abrogated by the statute, as, in *Jones* v. *Goffstown*, 39 N. H. 254, the court say that the commissioners are *finally* to settle the question of competency of evidence, at least in cases of laying out of highways. In *Wentworth* v. *Milton* (Strafford county), in which an opinion was given in 1869, I think the doctrine of the *Marlborough case*, cited above, was reaffirmed ; see, also, *Hampstead's Petition*, 19 N. H. 346. A brief statement of the law is, *the court* do not hold that a difference of *judgment* between themselves and the commissioners upon the *force* of evidence is one of the good causes comprehended within the terms of sec. 7, ch. 68, Gen. Stats. The good sense of the case, however, will bear investigation, as by and by the income from our summer travel will be all that can keep three fourths of the state from lapsing into a wilderness.

ISAAC W. SMITH, J.    In order to secure a more speedy termination of applications for laying out or discontinuing highways, the legislature, by the act of June 26, 1858, ch. 2119, authorized the county commissioners to admit or reject any evidence deemed by them competent, when offered by any party, and their decision was made final and conclusive ; and no report made by them could be set aside or recommitted by the court on account of the admission or rejection of such evidence. The provisions of this act were substantially incorporated into the General Statutes in 1867, ch. 63, sec. 8, which is in these words : " In hearings relative to highways, the commissioners may admit or reject any evidence offered ; and no report made by them shall be set aside or recommitted by the court because of such admission or rejection." The commissioners are thus made the sole and final tribunal in judging of the competency or relevancy of evidence submitted to them. The court has no jurisdiction over them in this respect to revise their proceedings, at least in the absence of fraud or gross mistake.

The defendants ask that the report be set aside or recommitted, under

the provisions of ch. 63, sec. 7, Gen. Stats., which are as follows : "Any report of the commissioners may, for good cause, be recommitted, or the same may be accepted, and judgment rendered thereon, establishing the highway, the alterations, or other matter reported upon." It is clear this cannot be done, unless for some cause other than the rejection or admission of testimony.    *Freeman* v. *Plainfield*, 52 N. H. 146 ; *Jones* v. *Goffstown*, 39 N. H. 254.

A report will be recommitted when notice to a party entitled to it was not given—*Parker's Petition*, 36 N. H. 84 ; or where there is a departure, in the laying out, from the highway prayed for—*Flanders* v. *Colebrook*, 51 N. H. 300 ; or for bad faith on the part of the commissioners—*Knowles's Petition*, 22 N. H. 361.

The statute makes the commissioners the tribunal to judge of the necessity of the highway.    In this respect, the court has no power to revise the judgment of the commissioners.    It may be that, in judging of the necessity of the highway, or in receiving or rejecting testimony, they erred.    They probably frequently do.    But they are a tribunal taken from among the people, elected with reference to their supposed fitness for the duties of the place, and are probably as capable of judging of the necessities of the public in this particular as any other tribunal that could be selected.

It is argued here, in behalf of the town, that, because the law has made provision whereby appeals lie from one tribunal to another, and whereby reviews and new trials are granted, and decisions of this and inferior courts reversed, therefore the findings of fact of county commissioners should also be set aside for gross errors and mistakes ; and the action of courts in setting aside verdicts of juries is cited as being of analogous character.

Verdicts are set aside when against evidence, and when so decidedly against the weight of evidence as to make it apparent that the jury must have been misled, or have failed to consider intelligently the evidence laid before them—*Clark* v. *Society*, 45 N. H. 334 ; also, for misconduct or fraud, but not because the court would have found differently upon the same evidence—*Palmer* v. *Portsmouth*, 43 N. H. 265 ; *Wendell* v. *Moulton*, 26 N. H. 41.

There is no doubt of our power or duty to reject or set aside this report for fraud or misconduct on the part of the commissioners, and probably, also, for gross errors and mistakes ; but all the defendants claim is, that " the commissioners erred in judgment in finding upon the evidence that there was any occasion for the road, and that upon going into the evidence the court would be satisfied that the highway ought not to be laid out."    There is no proof, or suggestion, even, of any fraud or gross error or mistake on the part of the commissioners, unless the laying out of the road upon the evidence before them was a gross mistake.    Even if we were to go into the evidence, it would be difficult, if not impossible, to consider the same as it was laid before them.    *Petition of Groton*, 43 N. H. 91.    Usually, a view of the proposed highway is taken by the commissioners ; also, of those for which

it is to be a substitute. This may constitute the most important part of the evidence laid before them, and may have exercised a controlling influence with the commissioners in coming to the result they did; but we should be excluded from the benefit to be derived from a view if we should undertake to examine into the grounds of their finding. We must presume there was *some* evidence before them in regard to the necessity of the highway. How much evidence it took to satisfy them was for them to say. It might be more, or less, than would satisfy us; but if it satisfied them, and their proceedings were otherwise regular (and the case finds that the town does not claim that they acted in bad faith), it is clear that the statute does not give us the power to go behind their report and inquire what the evidence on this point before them was, nor how much of it there was. It is sufficient if it satisfied them. According to these views there must be

*Judgment on the report.*