## HENRY & a. v. HAVERHILL.

A statute authorizing a fire district to adopt the provisions of Gen. Laws, c. 78, and providing that it shall then have the same rights as cities have by virtue of said chapter, and that its commissioners shall have all the powers of mayor and aldermen of cities respecting all matters within

the legal authority of the district, does not transfer the power to lay out highways within the district from the selectmen of the town to the commissioners of the district.

PETITION for a new highway, which the defendants' selectmen had refused to lay out. The defendants moved that the petition be dismissed, on the ground that the original petition should have been addressed to the commissioners of the Woodsville Fire District, within the limits of which the proposed highway is located. The motion was denied, and the defendants excepted.

*Smith & Sloane*, for the plaintiffs.

*Samuel B. Page*, for the defendants.

ALLEN, J.   By the act of July 21, 1887 (Laws 1887, c. 204), the Woodsville Fire District was authorized to adopt c. 78 of the Gen. Laws, relating to sidewalks and sewers, and to choose annually five commissioners, who "shall have all the powers of mayor and aldermen of cities respecting all matters within the legal authority of the district." The act was adopted, and commissioners were chosen by the district.

Section 4 of c. 78, Gen. Laws, gives to the mayor and aldermen of cities the power, upon an application for a new highway, to direct, as a condition of establishing the highway, that a portion of the expense of laying out and constructing it shall be paid by persons particularly interested in obtaining it.   The defendants claim that the district of Woodsville, by virtue of its adoption of the provisions of the chapter, and as a consequence of the power thereby conferred, has authority to lay out and construct all highways within its limits.   The general authority of the mayor and aldermen of cities to establish new highways is the same as that of the selectmen of towns (Gen. Laws, c. 46, s. 14), and "selectmen upon petition may lay out any new highway, or widen and straighten any existing highway within their town for which there shall be occasion, either for the accommodation of the public or of the person applying."   Gen. Laws, c. 67, s. 1.   The act of 1887, under which the defendants claim to oust the selectmen of their jurisdiction, does not, in terms or by implication, provide for the establishment of new highways.   It gives the district commissioners "all the powers of mayor and aldermen of cities respecting all matters within the legal authority of the district," and the establishment of new highways is not one of those matters.   It gives them "the sole power of appointing a surveyor of highways for said district," but provides that he shall give bond to the town and be deemed an officer of the town, and that "nothing in this act shall be construed to impose any distinct or special liability upon the district respecting highways within its

limits." The district is subjected to no liability respecting its highways "distinct" from its liability as a part of the town. It is not liable to indictment for neglecting to make new highways lawfully established, for neglecting to keep its highways "in good repair, suitable for the travel thereon" (Gen. Laws, *c.* 74, *s.* 1), or to travellers for damages happening to them by reason of defects therein. Gen. Laws, *c.* 75, *s.* 1. To these burdens the town alone is subjected. Legislation imposing upon one body the sole duty of constructing and keeping in repair highways, and subjecting another body to both criminal and civil liability for defects therein, which it has no power to prevent, would be novel as well as inequitable. There are no words in the statutes directly indicating, or from which it can be inferred, that the legislature intended such a result.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.