Merrimack,
Nov. 2, 1943. } No. 3424.

GEORGE EVERETT SCRIBNER, *Collector of Taxes*

*v.*

A. S. WIKSTROM.

18

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wadleigh* orally), for the defendant.

MARBLE, C. J. Section 1 of chapter 149 of the Laws of 1939 (R. L., c. 4, s. 1) provides in part as follows: "Consent is hereby given, in accordance with the seventeenth clause of the eighth section of the first article of the constitution of the United States, to the acquisition by the United States by purchase, condemnation or otherwise, of any land or interests in land within this state required for use in connection with the construction, maintenance and operation of the following projects: . . . (c) Blackwater Reservoir on the Blackwater River, providing storage for approximately 6.9 inches of run-off over the drainage area; . . . provided, however, that this state shall retain concurrent jurisdiction with the United States in and over any such lands to the extent that all civil and criminal processes issued under authority of this State may be executed thereon in the same way and manner as if this consent had not been given, and that exclusive jurisdiction shall revert to and revest in this state whenever such lands or interests in land shall cease to be the property of the United States."

Reservation of the power to serve process does not imply a reservation of the power to tax. *Surplus Trading Co.* v. *Cook*, 281 U. S. 647, 657. Moreover, section 1 of chapter 204 of the Laws of 1939 (R. L., c. 4, s. 4) expressly provides that each town and city in which any land is acquired under Laws 1939, c. 149, shall, for a limited period, be reimbursed by the State for real estate lost to them thereby.

Whether a state has power to tax land acquired by the United States in accordance with the provisions of *Art.* 1, s. 8, cl. 17, of the Federal Constitution, or to tax property situated thereon, depends upon whether the power of the state to so tax is reserved in the legislative enactment granting consent to the acquisition. *James* v. *Company*, 302 U. S. 134, 147, and cases cited; 1 Cooley, Taxation (4th *ed.*), s. 92, *pp.* 220, 221. And since the power to tax was not reserved by chapter 149 of the Laws of 1939, it follows that the town of Webster could not legally tax the defendant's property on April 1, 1941, if the United States had acquired the land on which that property was located prior to that date.

By the term "acquisition" is meant a "taking with or without consent." *Goodrich Falls &c. Co.* v. *Howard*, 86 N. H. 512, 514. And, under a reasonable interpretation of Laws 1939, chapters 149 and 204, an acquisition sufficient to deprive a town of its jurisdiction to tax requires the vesting of title in the United States. It is the plaintiff's contention that title had not so vested on April 1, 1941,

since compensation for the taking of the land had not been then ascertained and paid.

It is true, as defendant's counsel suggest, that, apart from constitutional prohibition, it is not necessary that compensation be paid or the amount thereof determined before the rights of the condemnor become complete (*Sweet* v. *Rechel*, 159 U. S. 380, 402), "provided that reasonably certain, prompt, and adequate provision for the payment of just compensation be made, or the public faith and purse be pledged for such payment." *In re Condemnations &c. of Rouge River*, 266 F. 105, 113, and cases cited. See also, *Goodrich Falls &c. Co.* v. *Howard*, 86 N. H. 512, 519, 520, citing *Sweet* v. *Rechel*, 159 U. S. 380, 402, and *Crozier* v. *Krupp*, 224 U. S. 290, 306. In each case it is of course a question of the interpretation of the particular statute or statutes under which the right of eminent domain is granted.

The order of June 20, 1940, was issued under the authority of an act of Congress passed July 18, 1918 (40 U. S. Stat. 911, 33 U. S. C. A., s. 594, entitled "When immediate possession of land may be taken"). This act reads as follows: "Whenever the Secretary of War, in pursuance of authority conferred on him by law, causes proceedings to be instituted in the name of the United States for the acquirement by condemnation of any lands, easements, or rights of way needed for a work of river and harbor improvements duly authorized by Congress, the United States, upon the filing of the petition in any such proceedings, shall have the right to take immediate possession of said lands, easements, or rights of way, to the extent of the interest to be acquired, and proceed with such public works thereon as have been authorized by Congress: *Provided*, That certain and adequate provision shall have been made for the payment of just compensation to the party or parties entitled thereto, either by previous appropriation by the United States or by the deposit of moneys or other form of security in such amount and form as shall be approved by the court in which such proceedings shall be instituted. The respondent or respondents may move at any time in the court to increase or change the amounts or securities, and the court shall make such order as shall be just in the premises and as shall adequately protect the respondents. In every case the proceedings in condemnation shall be diligently prosecuted on the part of the United States in order that such compensation may be promptly ascertained and paid."

The obvious purpose of the act is to facilitate the execution of the

particular project contemplated by permitting immediate possession of the property necessary to the prosecution of the work. That property may be either lands, easements, or rights of way. Possession is the important right conferred, and, although the act has not been uniformly construed, we find nothing in the phrase, "to the extent of the interest to be acquired," or in any other provision of the act, which evinces an intent to make possession and title synonymous or to authorize a complete transfer of ownership before the decree of condemnation has been entered. See *United States* v. *Stubbs*, 35 F. (2d) 357, 359. If such had been the intention, apt words to express that intention would doubtless have been chosen, as was done in 40 U. S. C. A., *s.* 258a, relating to the "taking of possession and title in advance of final judgment."

The defendant does not seriously contend that the taxation of his property is in any respect an interference with the exercise of any power of the Federal Government. See *Citizens National Bank* v. *Donnell*, 195 U. S. 369, 382, and cases cited.

The action can be maintained.

*Judgment for the plaintiff.*

All concurred.