Carroll,
Dec. 7, 1948. } No. 3774.

STATE *v.* 4.7 ACRES OF LAND *& a.*

*Ernest R. D'Amours*, Attorney General and *Gordon M. Tiffany*, Assistant Attorney General (*Mr. Tiffany* orally), for the State.

*Nighswander & Lord* and *Mr. Hugh H. Bownes* (*Mr. Bownes* orally), for the defendants Haller and Goodhue.

DUNCAN, J. The defendants' motion to dismiss upon the ground of the unconstitutionality of the statutes involved assigns as reasons that no provision is made for hearing and the presentation of evidence upon the question of "feasibility" of the proposed taking, and in the case of the general statute, upon the question of public neces-

sity; and that the special act as amended provides for the transfer of title to the town of Moultonborough after taking. As the motion is interpreted, no claim is made that the taking is not for a public purpose (Cf. *Shoemaker* v. *United States*, 147 U. S. 282, 297), or that no adequate provision is made for the payment of compensation. Cf. *Goodrich Falls Co.* v. *Howard*, 86 N. H. 512.

It is well settled under the Federal Constitution that while determination of the question of public purpose is a judicial one, that of the necessity and expediency of the taking is wholly legislative. The same principle has long since been held applicable under our own Constitution. *Concord Railroad* v. *Greely*, 17 N. H. 47, 64; *Petition of the Mount Washington Road Co.*, 35 N. H. 134. In *Bragg* v. *Weaver*, 251 U. S. 57, 58, it was held that upon legislative questions a "hearing . . . is not essential to due process in the sense of the Fourteenth Amendment." See also, *Joslin* v. *Providence*, 262 U. S. 668, 678; *Rindge Co.* v. *Los Angeles*, 262 U. S. 700; *City of Oakland* v. *United States*, 124 F. (2d) 959, *cert. den.*, 316 U. S. 679. Although professing to recognize the force of the principles enunciated in the *Bragg* and *Rindge* cases, the defendants assert that "due process of law requires that there be some sort of notice and hearing before the State seizes and takes title to the private property of an individual." As authority for this position they have cited *Grand Trunk Railway* v. *Berlin*, 68 N. H. 168 and *Hodge* v. *Manchester*, 79 N. H. 437. As to these cases, what was said by the court in *Governor and Council* v. *Morey*, 78 N. H. 125, 129, involving proceedings similar to those before us, is here pertinent: "Decisions touching the right of landowners in highway appeals . . . have no application here. Those cases merely construe the peculiar provisions of the statute governing laying out highways. . . . It has no general application."

In *Georgia* v. *Chattanooga*, 264 U. S. 472, complaint was made of lack of opportunity for hearing before the passage of an ordinance establishing a street. It was there said: "The taking is a legislative and not a judicial function, and an opportunity to be heard in advance need not be given." *Id.*, 483. See accord, *Sears* v. *Akron*, 246 U. S. 242, 251. There is no reason for a different rule under the New Hampshire Constitution. *Concord Railroad* v. *Greely*, *supra; Petition of the Mount Washington Road Co.*, *supra;* see also, *State* v. *Railroad*, 77 N. H. 425, 427.

Furthermore the argument ignores the fact that the pending proceedings were instituted by authority conferred by special act to acquire "the northerly end of said Long Island." Laws 1939, *supra*.

This was notice to owners of the land that they might expect it to be affected by action of the Governor and Council. There is no indication that the defendants would have been denied an opportunity for a hearing on the "question of feasibility," so far as it was determined by executive action. With respect to legislative action, it is not suggested that the customary notice of pending legislation was omitted when the special act was passed. As the brief for the State points out, to require special notice to interested individuals would be to "deny the basic principle of representative government." No foundation for the defendants' claim of a right to notice is to be found in the Constitution.

The defendants further urge that the legislation delegates power of eminent domain to the Governor and Council in violation of the provision of Article 12th of the Bill of Rights that "no part of a man's property shall be taken from him . . . without his own consent, or that of the representative body of the people." If this issue is open upon exception to the denial of a motion which did not raise it, it may be shortly answered. The consent of the Legislature was clearly embodied in the special act. Furthermore, under what is settled law in this jurisdiction, powers of eminent domain may constitutionally be delegated by general act. *Backus* v. *Lebanon*, 11 N. H. 19, 25, 26; *Ash* v. *Cummings*, 50 N. H. 591, 612-614; *Great Falls Mfg. Co.* v. *Fernald*, 47 N. H. 444.

The amendment by which the acquired land is required to be transferred to the town after taking (Laws 1941, *c.* 72, *s.* 1) does not operate to invalidate the proceedings. The public character of the park is to be preserved. It will afford no more "special benefit" to inhabitants of Moultonborough than it would if title should remain in the State. "It has never been deemed essential that the entire community or any considerable part of it should directly enjoy or participate in an improvement or enterprise, in order to constitute a public use, within the true meaning of these words as used in the Constitution." *Talbot* v. *Hudson*, 16 Gray 417, 425. A grant of the public bounty is "always subject to the condition or trust that the corporation shall assume an obligation to the state to fulfil the purpose of the grant." *State* v. *Railroad*, 75 N. H. 327, 337, 338. Upon transfer, the town will be "in fact a public agent exercising powers for the public advantage" (*McMillan* v. *Noyes*, 75 N. H. 258, 263) rather than for its own benefit in its corporate capacity (*Higginson* v. *Treasurer &c. of Boston*, 212 Mass. 583).

The defendants' offer of proof was properly rejected as prematurely

made. It had no relation to the issue of title. The evidence was calculated neither to establish title by prescription, nor abandonment by the owner of record. *Howard* v. *Britton*, 67 N. H. 484; *New England Box Company* v. *Wood*, 81 N. H. 124. On the contrary it tended to show permissive use by the defendants. No exception to the findings incorporated in the decree of title is presented by the defendants' bill, and their rights are fully protected by the privilege reserved to renew their offer at or in advance of the hearing upon damages.

In support of the final motion to dismiss, it is said that the description of the land to be condemned, as contained in the 1939 act, is too vague and indefinite to permit its identification with certainty; and that the Governor and Council exceeded the authority conferred, by taking more land than was intended by the Legislature. The taking authorized was of "the northerly end of said Long Island, to include the whole of the point." The land was to be taken "for the purpose of providing a public park for bathing facilities and a recreational area." We are aware of no requirement for more precise description. Identification with certainty results from the survey caused to be filed in accordance with the general statute. R. L., c. 27, s. 24. Authority to determine the extent of the taking in the designated area might properly be delegated. *Concord Railroad* v. *Greely, supra; Petition of the Mount Washington Road Co., supra.* No basis appears for the claim that this authority was exceeded. The land taken includes "the whole of the point." Little if any land south of what may reasonably be regarded as constituting "the point" is included in what is taken. From high water at the southeasterly bound to high water at the southwesterly bound is approximately four hundred fifty feet. The tract is in fact only the "tip" end of the island. Whether the quantity taken is appropriate to the probable use is a legislative question of expediency with which the courts are not concerned. *Joslin* v. *Providence*, 262 U. S. 668.

Legislative specification of the names of the owners of the land to be taken was not required. The designated procedure, under the general statute, provided for notice to the owners, and for the determination of their respective titles, as well as compensation for land taken. The contention that some of these steps should have been taken by the Legislature before enactment of the special legislation cannot be sustained.

*Exceptions overruled.*

JOHNSTON and KENISON, JJ., did not sit: the others concurred.