Hillsborough,
No. 4800.

MANCHESTER HOUSING AUTHORITY *v.* HENRY FISK *& a.*

Argued October 7, 1959.

Decided November 3, 1959.

*Green, Green, Romprey & Sullivan* and *Corwin & Corwin* (of Massachusetts), (*Mr. Samuel Green* orally), for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown* and *Marshall Abbey* (*Mr. Abbey* orally), for the defendants Fisk, and Katz, trustee.

DUNCAN, J. The defendants' motions to dismiss present the issue of whether the procedure established by the controlling statutes is so indefinite and arbitrary as to deprive the defendants of their properties without due process of law, in violation of the Constitution. N. H. Const., Pt. I, *Arts.* 12th, 15th. See *Opinion of the Justices,* 66 N. H. 629, 633.

The pertinent statutory provisions are contained in RSA 203:12, since the act relating to "Redevelopment Projects" (RSA ch. 205) confers upon the plaintiff "all the rights, powers, privileges and immunities that such authority has under the housing authorities law, chapter 203, RSA, and any other provision of law relating to slum clearance and housing projects for persons of low income . . . . " RSA 205:3. The provisions of RSA ch. 205 have already been held by this court to be constitutional on their face. *Velishka* v. *Nashua,* 99 N. H. 161. See anno. 44 A. L. R. (2d) 1414.

Specifically, RSA 203:12 provides in part as follows: "An authority may exercise the power of eminent domain in the manner provided in chapter 234 [relating to 'Lay Out of Class IV, V, VI

Highways'] or it may exercise the power of eminent domain in the manner provided by any other applicable statutory provisions for the exercise of the power of eminent domain." Other provisions of the section authorize an authority to obtain immediate possession of "real property described in the petition," upon order of "the court," under specified conditions.

Relying upon the authority granted by RSA 203:12, *supra,* the plaintiff seeks to proceed under RSA 481:10. While this chapter relates to "State Dams, Reservoirs and Other Water Conservation Projects," the section relied upon provides for condemnation of real estate without special adaptation to water conservation projects. It provides for condemnation by petition to the Superior Court, with assessment of the damages by jury, or by three commissioners if neither party elects a trial by jury. RSA 481:10 I, II.

The defendants assert that under a proper construction of RSA 203:12 the plaintiff is not entitled to proceed under RSA 481:10; and that the former section is unconstitutional "in so far as it allows the plaintiff to choose whichever condemnation procedure it wishes to proceed under."

In support of the argument that RSA 481:10 should not apply, the defendants assert that the plaintiff should proceed under RSA ch. 234, the "basic procedure" established by RSA 203:12, and that no other condemnation procedures should be considered available. They point out that eleven different condemnation procedures are set up by statute (see for example RSA 4:30-36; 199:17-19; 372:9-24; 482:47-57), and that at least twenty other sections of the statutes which grant rights of eminent domain, incorporate by reference one of the eleven procedures first referred to. See for example, RSA 301:53 VII. They further point out that the statute in question, RSA 203:12, authorizes use of other "applicable" statutory provisions only, and urge that this necessarily restricts the plaintiff's rights to provisions specifically designed for use by a housing authority for specialized projects.

We agree with the argument that the word "applicable" operates to exclude from use by a housing authority statutory procedures which require the damages to be assessed by the Public Utilities Commission (RSA 371:4) or the Water Resources Board (RSA 482:52). Such provisions would undoubtedly be considered "inapplicable." *Cf. Lone Star Gas Co.* v. *Fort Worth,* 128 Tex. 392, cited by the defendants. However this does not demonstrate that

RSA 481:10 is not "applicable," since the procedure thereby established in no way depends upon any prior determination of value by the Water Resources Board.

Contrariwise, the defendants also contend that the absence of any preliminary determination by an administrative board or tribunal under RSA 481:10 demonstrates that RSA 203:12 is unconstitutional, because the plaintiff may choose that method in preference to one which does provide for preliminary administrative assessment. This argument, as well as the argument that the statute is arbitrary because RSA 481:10 III makes assessed value "competent as evidence of value," while assessments would be inadmissible under RSA ch. 234 (*Concord Land &c. Company* v. *Clough*, 69 N. H. 609), may be shortly answered by reference to well-settled principle. "The due process clause does not guarantee to the citizen of a state any particular form or method of state procedure." *Dohany* v. *Rogers*, 281 U. S. 362, 369. See also, *Backus* v. *Fort Street Union Depot Co.*, 169 U. S. 557, 569; *Bailey* v. *Anderson*, 326 U. S. 203, 205; *Leclair* v. *White*, 117 Me. 335, 338-9; 18 Am. Jur. 954 "Eminent Domain," s. 308 and cases cited.

The federal requirement of due process of law does not differ from the requirements of our own Constitution. *Goodrich Falls Co.* v. *Howard*, 86 N. H. 512, 519. As was pointed out in *Dohany* v. *Rogers, supra*, the Legislature may properly classify condemnation procedures according to the characteristics of the grantee of the power of eminent domain, and hence where a public agency such as the plaintiff condemns may provide for procedures different from those to be followed by a private corporation. It is not suggested that the various properties involved in this project are to be condemned by different procedures. All owners of property to be condemned for the project are parties to the proceedings. The mere circumstance that the plaintiff has made a choice of procedures does not appear to us to be fatal. *Cf. Newmarket Electric Co.* v. *Chase*, 79 N. H. 280, 284; *Ash* v. *Cummings*, 50 N. H. 591, 613, 614. We conclude that the procedures of RSA 481:10 may properly be considered "applicable" within the meaning of RSA 203:12, and that their use will not deprive the defendants of due process of law (*Holman* v. *Manning*, 65 N. H. 228; *Rockingham &c. Co.* v. *Philbrick*, 79 N. H. 279) or violate the Constitution of New Hampshire.

The motions to dismiss the petition will therefore be denied,

and the provisions of RSA 203:12 and 205:4 as applied to the pending proceedings are held to be constitutional.

*Motions denied; remanded.*

All concurred.