Hillsborough,
No. 6173.

### WILTON-LYNDEBORO COOPERATIVE SCHOOL DISTRICT

*v.*

### DONALD B. GREGG & *a.*

February 26, 1971.

*Cheever, Sullivan & Scott* and *Sullivan, Gregg & Horton* ( *Mr. Sherman D. Horton, Jr.,* orally ), for the plaintiff.

*Hamblett, Kerrigan, LaTourette & Lopez* ( *Mr. Joseph M. Kerrigan* orally ), for the defendants.

GRIMES, J. In this petition for condemnation the defendants contest the right of the plaintiff to condemn their land for the construction of its new junior-senior high school facilities on the ground that certain statutory requirements have not been met, because of the lack of necessity, and because school districts are not empowered to lay out public highways. The plaintiff admits that defendants' land is "to be taken primarily for access by foot and vehicle and for the installation of utility lines to the school house and for site drainage. "

The plaintiff is a cooperative school district organized under RSA ch. 195. It voted to establish a site committee which after consultation with the State Board of Education made a report which resulted in a vote of the district to appropriate money for acquiring land and constructing a junior high school.

Being unable to acquire the land by agreement, the plaintiff

filed a petition in the superior court under the provisions of RSA 195:16-b which authorizes a cooperative school district to take by eminent domain any land "needed by it for its purposes." The statute directs that after the filing of the petition the procedure shall be as prescribed in RSA 481:10( I ), ( II ), ( III ) and ( V ).

Paragraph V of RSA 481:10 permits the condemner to enter upon and take possession of the real estate to be acquired upon providing such security as justice may require as determined by the superior court to pay any damages occasioned by the entry or to satisfy any judgment rendered on the petition. Plaintiff sought such entry and possession under this provision and requested the Court to determine the amount of security to be provided.

Defendants were among those whose land was sought to be taken. At the hearing on the amount of security, defendants filed a motion to dismiss the petition which motion was not acted upon, but evidence relating to the legality of the condemnation proceedings was introduced and their legality was put in issue by defendants' motions that the prayer for immediate possession be dismissed and that the petition be dismissed, both of which were denied by *Perkins, J.* subject to exception. The defendants also excepted to the court's denial of certain of their requests for findings. The court ordered that the plaintiff pay into the hands of the clerk the sum of $43,000 as security under the statute.

Although the statutes involved here do not specifically provide for a hearing on the legality of the taking prior to entry after posting security, a defendant is not barred from contesting the legality of the condemnation as the defendant has done in this case, and we do not doubt the power of the superior court to deny entry in a clear case of illegality. The security required by the statute prior to entry is designed to cover any damages caused by the entry in the event the taking is not completed as well as any judgment on the petition. The validity of such procedures has generally been upheld. *Manchester Housing Authority* v. *Fisk,* 102 N.H. 280, 155 A.2d 186 ( 1959 ); 29A C.J.S. Eminent Domain *s.* 221 ( a )( 1965 ). *See also Scribner* v. *Wikstrom,* 93 N.H. 17, 34 A.2d 658 ( 1943 ); *Goodrich Falls Co.* v. *Howard,* 86 N.H. 512, 171 A. 761 ( 1934 ).

There is nothing in the record before us or in the contentions of the defendants which would make the proceedings illegal so as to deprive the plaintiff of immediate entry upon providing the required security. Defendants contend that the requirements of RSA 199:1 ( supp. ) relating to site selection has not been met because the district has not voted on the location. However, RSA 199:1 ( supp. ) authorizes the selection of site to be determined by a committee as was done here and to be approved by the " school board " after consultation with the State Board of Education as the evidence shows was done here. It is not necessary that the precise extent of the taking have been shown to the State Board of Education.

That portion of the taking which involves the defendants' land is being condemned to allow access to the school facilities and was so found by the trial court. The defendants attack the necessity of this taking. It is true that one of the other plots being taken provides access to the street but there is evidence that access to the school facilities by this means is unsatisfactory because of the steepness of the grade and other factors. The school board has determined that the defendants' land is " needed " for its purposes which are not limited merely to the acquisition of enough land upon which to build its facility but may include room for expansion and reasonable access and other incidental uses in furtherance of the main purpose. *Papademas* v. *State,* 108 N.H. 456, 460, 237 A.2d 665, 668 ( 1968 ); Annot., 71 A.L.R.2d 1071, 1078 ( 1970 ).

When the legislature itself determines the necessity for a specific taking, its decision is not ordinarily subject to judicial review. *State* v. *4.7 Acres of Land,* 95 N.H. 291, 62 A.2d 732 ( 1948 ). When this power is delegated, its exercise in the absence of statutory provision to the contrary is subject to review only in the case of fraud, bad faith or abuse of discretion. *See* cases collected in 29A C.J.S. Eminent Domain *s.* 89( 3 ) ( 1965 ); 26 Am. Jur. 2d Eminent Domain *s.* 121 ( 1966 ); Annot., 71 A.L.R.2d 1071, 1078 ( 1960 ). We find no evidence in this record which would warrant review. Absolute necessity is not required and the evidence here is sufficient to justify a finding of reasonable necessity. *White Mountain Power Co.* v. *Maine Central Railroad,* 106 N.H. 443, 213 A.2d 805 ( 1965 ); *White Mountain Power Co.* v. *Whitaker,* 106 N.H. 436, 213 A.2d 800 ( 1965 ).

Defendants also attack the validity of the taking of their land on the basis that it is being taken for the purpose of laying out a public highway which they claim is beyond the power of the plaintiff. *See* RSA 230:1 ( supp. ) and RSA ch. 232. The fact that the access road or driveway which plaintiff intends to construct on the land taken from the defendants will be used by members of the public to reach the school facilities does not make it a public highway as referred to in RSA 230:1 ( supp. ) and RSA ch. 232. *Henry* v. *Haverhill,* 67 N.H. 172, 37 A. 1039 ( 1891 ), relied upon by the defendants, is not controlling here. That case involved the question of the power to lay out a public highway as such for the maintenance of which the town would have been liable, and it was held that the fire district had not been given such power.

Denial of defendants' request No. 5 that the evidence " warrants a finding that there is no ' need ' for the condemnation of the Gregg property, " was immaterial in view of the action taken by the trial court.

We have examined all of the defendants' contentions and exceptions and find no ground for holding the condemnation of their land illegal.

*Exceptions overruled.*

GRIFFITH, J., did not sit; the others concurred.