Carroll
No. 6523

TOWN OF MOULTONBORO

v.

DONALD E. CRUMB & *a.*

January 31, 1974

*Nighswander, Lord, Martin & KillKelley (Mr. David J. Kill-Kelley* orally) for the plaintiff.

*Ramsey & Norberg (Mr. Colin A. Norberg* orally) for the defendants.

LAMPRON, J. Petition by plaintiff town against Donald E. and Martha J. Crumb, John F. and Marion R. Bell, and John F. and Anne M. Cullity to quiet title to certain land in Moultonboro situated on the northerly end of Long Island, presently known as Long Island Town Beach, and for other relief. Hearing, with a view, before *Amos N. Blandin, Jr.,* judicial referee, who made findings of fact, rulings of law, and a decree dismissing the petition against the defendants Bell and Cullity on the ground of laches unless as a matter of law this defense is not available against the town. The referee made no ruling on this issue, which is the main question transferred to this court by *Keller,* C.J. The referee granted the town's petition as against the claims of the Crumbs, ruling as a matter of law that they had constructive notice of the town's rights.

On July 14, 1941, the State petitioned under P.L. 19:18-28 (now RSA 4:30-40) to acquire by eminent domain 4.7 acres of land in Moultonboro: "For the purpose of providing a public park for bathing facilities and a recreational area on Long Island in the town of Moultonborough." Laws 1939, ch. 191. Certain questions of law relating to the proceedings were decided by this court in *State v. 4.7 Acres of Land,* 95 N.H. 291, 62 A.2d 732 (1948). The commissioners named to assess damages for the taking awarded $4325 to Cyrus W. Haller for his interest in the property taken and $2520 to John Goodhue for his interest. The awards were approved by the trial court and paid by the State which took title. P.L. 19:20 (now RSA 4:31). The defendants Cullity and Crumb derive their title from Goodhue and the defendants Bell from Haller. They all make claims in the 4.7 acres taken by the State.

By deed dated December 21, 1951, title to the acquired parcel was transferred by the State to the town of Moultonboro to be thereafter "held and maintained as a public park and recreational area by said town." Laws 1941, ch. 72. The town did not record this deed until August 7, 1968. The referee found that this failure "is responsible for the predicament of the defendants Cullity and Bell and, to a degree, for the Crumbs' problems." This failure to record is the basis on which the referee found the town guilty of laches as to the Cullitys and the Bells.

28

This court held in *State v. 4.7 Acres of Land,* 95 N.H. 291, 295, 62 A.2d 732, 735 (1948), that the transfer of title from the State to the town would not affect "[t]he public character of the park." "It will afford no more 'special benefit' to inhabitants of Moultonborough than it would if title should remain in the State . . . . A grant of the public bounty is 'always subject to the condition or trust that the corporation shall assume an obligation to the State to fulfill the purpose of the grant.'" In these circumstances the town's title to and management of the public park at Long Island is an ownership and exercise of authority granted and delegated to it by the State for the benefit of the general public. 10 E. McQuillin, Municipal Corporations § 28.50, at 163 (3d. ed. 1966).

"Since the State's rights in land and waters are not always enforced and protected with the same alacrity as private rights . . . the Legislature has provided that no person can acquire title to State lands by adverse possession. R.L. *c* 411, § 6 [now RSA 539:6]. For the same reason it has been decided that the State does not forfeit or lose its rights to public lands and waters by laches, estoppel or waiver." *State v. Stafford Company,* 99 N.H. 92, 97, 105 A.2d 569, 573 (1954); *Moultonboro v. Bissonnette,* 105 N.H. 210, 213, 196 A.2d 703, 705-06 (1963). Because of the result reached in the latter case, this court did not pass on an alternative ruling made by the trial court that the "defense of laches was not available against the town for the same reason that it was not available against the State."

In the present case the land in question was acquired by eminent domain by the State "for the State" as a public park. Laws 1939, 191:1. The State paid the damages awarded to defendants' predecessors in title Goodhue and Haller. The State by virtue of authority granted by the legislature (Laws 1941, ch. 72) transferred title to the property to the town of Moultonboro to be thereafter "held and maintained as a public park and recreational area by said town", making it subject to legislative control. 10 E. McQuillin, Municipal Corporations §§ 28.38, at 91, 28.50, at 163 (3d ed. 1966). Under these circumstances, we hold that in so far as the defense of laches is concerned the same policy

considerations apply as if the legal title had remained in the State. *State v. 4.7 Acres of Land,* 95 N.H. at 295, 62 A.2d at 735.

It follows as a matter of law that the defense of laches is not available to the defendants against the town of Moultonboro. *State v. Stafford Company,* 99 N.H. at 97, 105 A.2d at 573. Plaintiff's petition to quiet title is granted as to all defendants and the town holds all of the 4.7 acres acquired by the State free and clear of any claim by any and all defendants. In view of the result reached it is unnecessary to consider other issues raised.

*Petition granted.*

All concurred.