Belknap
No. 7525

CARMEN H. BROUILLARD

v.

MARION ATWOOD AND HENRY SPEAR,
COMMISSIONERS OF BELKNAP COUNTY

December 30, 1976

*Richard P. Brouillard, Charles H. Bradley III* and *Stanley M. Brown (Mr. Brown* orally) for the plaintiff.

*Upton, Sanders & Smith (Mr. Frederic K. Upton* orally) for the defendants.

BOIS, J.    Petition for writ of mandamus, injunction and other extraordinary relief, seeking to disqualify two of the county commissioners from acting in condemnation proceedings initiated under RSA 26:1 for the taking by Belknap County of the plaintiff's premises in Laconia, New Hampshire.

In 1973 the Belknap County commissioners appointed a build-

ing committee to study the adequacy of the county courthouse facilities. Included on this committee were the three commissioners, the clerk of the superior court, the sheriff, the clerk of the county convention and the chairman of the executive committee of the county convention. After consultation and study the committee recommended the construction of an addition to the existing facility requiring the acquisition of adjoining properties including that of the plaintiff herein. The proposed expenditure was in excess of one thousand dollars and as mandated by RSA 24:13 the plans were submitted to the county convention. On June 3, 1974, after a public hearing, the convention authorized the commissioners to borrow the required funds for the project and to enter into negotiations with the abutting owners for the acquisition of such property as they might deem expedient and necessary. The commissioners were also instructed that if they were of the opinion they could not acquire the land by contract for a reasonable price they were to so inform the convention which would then consider the propriety of eminent domain proceedings. In July 1974, the convention authorized the commissioners to negotiate with the plaintiff for the purchase of her property at a price not to exceed $40,000 and in the event the negotiations were unsuccessful, to proceed directly by eminent domain. The negotiations were unsuccessful, and condemnation proceedings instituted.

On December 4, 1974, the commissioners, acting pursuant to RSA 26:1, after notice, conducted a hearing on the proposed taking. The hearing was confined to the matter of "whether there is occasion or necessity for taking Mrs. Brouillard's land in these proceedings." Plaintiff, claiming bias, challenged the qualifications of the commissioners to sit at the hearing, citing their prior involvement and pronouncements in the matter. The commissioners disavowed any interest in the outcome and refused to disqualify themselves. Plaintiff immediately announced the filing in the superior court of pleadings, including a petition for an injunction, and suggested a temporary recess. The proceeding was recessed. On December 16, 1974, the Superior Court (*Keller*, C.J.) denied relief, and the plaintiff seasonably perfected her appeal from that ruling.

The term of office of one of the commissioners expired on December 31, before the hearing could be resumed. In January of 1975 the original proceeding was discontinued and a new hearing held before the two original commissioners (defendants herein)

and the new one. The plaintiff renewed her claim of bias. The commissioners found her property to be required for the enlargement of the courthouse and filed a proper return of location.

The plaintiff appealed to the superior court pursuant to RSA 26:2. The parties have agreed that our decision of the issues transferred by the plaintiff from the original proceedings shall apply to and govern the new condemnation proceedings which raise identical issues. The case was reserved and transferred by *Batchelder*, J.

Plaintiff's first argument for disqualification is statutory in nature. RSA 26:1 establishes the procedure for condemnation of land for county uses. She contends that this section incorporating "all provisions for the hearing of highway petitions before selectmen ... so far as the same are applicable," should be held to incorporate the provision regarding selectmen disqualifications contained in RSA 43:6: "No selectman or other officer shall act, in the decision of any such case [affecting the rights or claims of individuals], who would be disqualified to sit as a juror for any cause ... in the trial of a civil action in which any of the parties interested in such case was a party."

RSA 26:1 mandates a hearing before the commissioners and recognizes their role in the steps preparatory to the condemnation decision. *See Cheshire County Convention v. Cheshire County Comm'rs*, 115 N.H. 585, 347 A.2d 153 (1975). The trial court properly found and ruled that the legislature did not intend the application of the juror qualification standard of RSA 43:6 as there could never be any hearings "before the commissioners" contemplated by the statute because the county is always an interested party, and the commissioners would be disqualified as jurors, and therefore generally disqualified from serving on the board hearings under RSA 26:1. To hold otherwise, where no other disqualification exists, would render the statute meaningless — an unlikely legislative intent. *See Farrelly v. Timberlane Regional School Dist.*, 114 N.H. 560, 324 A.2d 723 (1974).

We cannot agree with the plaintiff's contention that the absence of a juror disqualification standard is equivalent to a lack of fairness and thus could not have been intended by the legislature. We find no inherent unfairness in the New Hampshire procedure where RSA 26:2 provides a statutory provision for appeal in the event a party feels "aggrieved."

Plaintiff's second contention is that the condemnation statute, if

read so as not to incorporate the juror disqualification standard, denies her due process. There can be no dispute that the taking in the instant case was for a public use. 11 E. McQuillin, Municipal Corporations § 32.55 (3d ed. 1964). RSA 43:5 and :6 was meant to apply the standard only to cases "affecting the rights or claims of individuals." The hearing before the commissioners was limited to the necessity for the taking. This question is legislative in nature, and is not a proper subject of judicial review. 1 P. Nichols, Eminent Domain § 4.11 (1975); 11 E. McQuillin, *supra* at § 32.24-.25; 5A G. Thompson, Real Property § 2577 (J. Grimes ed. 1957). It is well settled that the question being "wholly legislative" a hearing is not essential to due process. *State v. 4.7 Acres of Land,* 95 N.H. 291, 294, 62 A.2d 732, 734 (1948).

Additionally plaintiff's due process interests are protected by the provision for judicial review of whether the decision constituted fraud, bad faith, or an abuse of discretion. *See Cooperative School Dist. v. Gregg,* 111 N.H. 60, 274 A.2d 787 (1971). We hold that no principle of due process was violated in the failure of the commissioners to disqualify themselves.

*Exceptions overruled.*

All concurred.