Grafton
No. 78-133

### TOWN OF RUMNEY

v.

### EDWARD BANEL, TRUSTEE FOR STEPHEN E. BANEL, VICTORIA J. BANEL & ELIZABETH C. BANEL

November 15, 1978

*Ray & Hopkins,* of Plymouth (*William H. Hopkins* orally), for the plaintiff.

*Gallagher, Callahan & Gartrell,* of Concord (*Donald E. Gartrell* orally), for the defendant.

GRIMES, J.   The issues in this eminent domain case are first, whether the trial court erred in finding reasonable necessity for the taking of defendant's land, and second, whether the court erred in ruling that the plaintiff had to continue paying rent for the land during the pendency of this appeal. We hold that no error was committed.

The town of Rumney (the town) has leased a portion of defendant's land for use as an open burning dump for nearly thirty years. As early as 1971, the town selectmen, in cooperation with officials of the State division of health, began to seek practical alternatives in methods of waste disposal to comply with statutory requirements. The selectmen decided upon the sanitary landfill method. A soil map of the entire area was prepared, and the selectmen began eliminating potentially suitable sites on the basis of factors such as accessibility and location. The owners of certain potential sites were asked if they were willing to sell, and they refused. In 1973, and again in 1975, the town conducted soil test borings on defendant's property. On the basis of those tests, and considering the property's accessi-

bility and well-known location, the selectmen determined that defendant's property was ideal for the planned landfill. No test borings were made on any other site.

In 1976, the citizens of the town voted in favor of purchasing, or if necessary, taking by eminent domain the defendant's property. After failing to acquire the land by purchase, the selectmen filed a declaration of taking concerning some fourteen acres of defendant's land. Defendant then filed a bill in equity seeking to raise the issue of necessity under RSA ch. 498-A (Supp. 1977) and to enjoin the taking. He also filed an appeal from the taking. A hearing on the appeal was held before a Master (*Walter L. Murphy*, Esq.), who recommended that the declaration of taking be vacated pending a determination of necessity, and that the town, pending the same determination, pay rent to the defendant for the land. A decree in accordance with that recommendation was entered by *Johnson*, J. Thereafter a hearing was held before the same master on the question of necessity. The master concluded that the town had shown such "reasonable necessity" as would support the taking. A decree in accordance with this finding was entered by *Batchelder*, J. After a third hearing, it was ordered that the town continue to pay rent to defendant pending the outcome of this appeal. All exceptions were reserved and transferred by *Batchelder*, J.

This State's Eminent Domain Procedure Act, RSA ch. 498-A (Supp. 1977), provides that "it is not intended to enlarge or diminish the rights given by law to any condemnee to challenge the necessity for any condemnation." RSA 498-A:1 (Supp. 1977). Based upon this language, the trial court ruled that a condemnee had the right to contest the necessity issue, and that ruling became the law of the case. There is no issue before us as to the correctness of that ruling and we express no opinion with regard to it.

■ In establishing the reason for a taking "[a]bsolute necessity is not required"; rather, only "reasonable necessity" need be shown. *Cooperative School Dist. v. Gregg*, 111 N.H. 60, 62, 274 A.2d 787, 789 (1971). The defendant concedes this and agrees that the master was correct in ruling that the town did not have to prove that defendant's land was the only suitable site or even the best site for the proposed landfill. *See id.; Latchis v. State Highway Bd.*, 120 Vt. 120, 134 A.2d 191 (1957); 29A C.J.S. *Eminent Domain* § 91 (1965); 26 Am. Jur. 2d *Eminent Domain* § 113 (1966). The defendant also agrees that it is reasonably necessary for the town to provide a suitable site for the disposal of refuse. Defendant claims, however, that it has not been demonstrated that it is reasonably necessary to take his

land as opposed to someone else's. He contends that the master erred in not requiring greater consideration and evidence regarding other sites.

The trial court's findings, if reasonably made, are binding on this court. *Archambault v. Adams*, 118 N.H. 634, 392 A.2d 139 (1978). The court found that all but six of the possible alternative sites were eliminated for reasons unrelated to soil suitability, including the factors of location and accessibility. None of the owners of the remaining sites were willing to sell even if their property was found to be otherwise suitable. Thus, whatever site was chosen, eminent domain would have to be the procedure used for acquisition. The test borings proved that defendant's property was perfectly suited to the intended purpose. Moreover, the town had already expended funds for improving the road to defendant's land, and the public, through years of continued practice, was accustomed to bringing their refuse to that site. The trial court was entitled to conclude even without the test boring evidence that none of the other potential sites would prove any more suitable than defendant's land. Even accepting defendant's theory regarding consideration of alternative sites, we hold that there was sufficient evidence concerning them and that the court's findings could reasonably be made on the evidence. There is no indication in the record of fraud, bad faith, or abuse of discretion. *Brouillard v. Atwood*, 116 N.H. 842, 367 A.2d 596 (1976). Defendant's exceptions are therefore overruled.

The town excepts to the order of the court requiring the payment of rent to defendant. At the hearing on this issue, the master concluded that the parties had agreed that the town should continue renting the land during the pendency of defendant's appeal. The town now asks us to rule that the rent so paid since the declaration of taking be either returned to it or applied against defendant's damages. The town argues that the finding of necessity should revert back to the original filing of its declaration, that title vested in it as of that time, and that it should not be required to pay rent for its own property. We disagree with this argument. The original declaration of taking was vacated, thus divesting the town of any title it had acquired. There is no indication that the final determination of necessity was intended to make the town's title run back to the original filing. The rent paid need neither be returned nor applied against defendant's damages.

*Exceptions overruled.*

All concurred.