Sullivan
No. 80-192

### ROBERT J. BRODEUR *& a.*

v.

### CITY OF CLAREMONT

March 16, 1981

*J. P. Nadeau,* of Portsmouth, by brief for the plaintiffs.

*Elliott & Jasper,* of Newport (*Louie C. Elliott, Jr.,* on the brief) by brief for the defendant.

PER CURIAM.   In October 1979, the Claremont City Council voted to take the plaintiffs' land for access to a water treatment plant intake station to be built on adjoining property. The plaintiffs unsuccessfully appealed that decision to the Sullivan County Superior Court. They now appeal to this court. We affirm.

Under RSA 47:1, a city council has the authority to condemn land required for public use. *Leary v. Manchester,* 91 N.H. 442, 444, 21 A.2d 156, 158 (1941). The remedies and proceedings for the taking of land by cities are the same as those for the laying out of highways by selectmen set out in RSA ch. 234. RSA 31:92. Any person aggrieved by the city council's decision to take land may appeal to the superior court under RSA 234:24 to :56. If there is "no sufficient objection," the superior court must refer the petition to the county commissioners. RSA 234:31. The commissioners must conduct a hearing, RSA 234:38, and file a report with the superior court, RSA 234:43. The superior court may then grant a hearing on the report and render judgment on the petition. RSA 234:49.

■■ A court will uphold a decision of the commissioners regarding necessity if it is supported by some evidence, and if it is not based on fraud or gross mistake. RSA 234:39; *Waisman v. Manchester*, 96 N.H. 50, 55, 69 A.2d 871, 874 (1949).

The plaintiffs base their appeal to this court on the report of the Sullivan County Commissioners, which reads in part as follows:

> "After deliberating and considering all testimony presented, the Commissioners determined that the City needs the land in question, for present and future control and protection.
>
> We can see a special need for the City to police the land of this important water system installation so that vandalism can be better restrained. To do so, demands that the access road should be completely controlled by the City, so that all the land can be continuously supervised."

In particular, the plaintiffs focus on the second paragraph above, asserting that, because the commissioners had no evidence before them of vandalism, their decision was based on gross mistake. After hearing testimony on the evidence before the commissioners, however, the Superior Court (*Johnson*, J.) found the decision to be reasonable and based on the evidence presented. That finding is binding on this court as long as it is reasonable. *Town of Rumney v. Banel*, 118 N.H. 786, 789, 394 A.2d 323, 324 (1978).

■■ Although the desire to protect against vandalism may have influenced the commissioners' decision in some part, this court will not inquire into their reasons as long as their decision could have been reached by reasonable men. *Cf. Merriam v. Salem*, 112 N.H. 267, 268, 293 A.2d 596, 598 (1972). The record reveals that, when the county commissioners affirmed the city's decision to take the plaintiffs' land, they had before them the testimony of the city engineer regarding the need for an access road to the water-pumping station, as well as the testimony of the mayor of Claremont regarding the need for the plaintiffs' land for the access road and for protection of the water supply. The plaintiffs were represented by counsel and had an opportunity to present their arguments against the taking. The commissioners also took a view of the plaintiffs' property. On the basis of such evidence, we conclude that the superior court was not in error in finding that the commissioners' decision to take the plaintiffs' land was not based on

fraud or gross mistake. *See Thompson v. Conway*, 53 N.H. 622, 626–27 (1873).

■ The root of the plaintiffs' complaint is that the city need not have taken the whole of their property but could have taken only enough land to build the access road. The commissioners, however, have broad discretion in determining the amount of land to be taken, and their decision is not reversible in the absence of gross mistake, fraud or abuse of discretion. RSA 234:39; *Town of Rumney supra*, 118 N.H. at 789, 394 A.2d at 323, 324 (1978); *Waisman v. Manchester*, 96 N.H. at 55, 69 A.2d at 874.

*Affirmed.*